GUÁNICA CENTRALE, RECURRENTE, *v.* EL REGISTRADOR DE SAN GERMÁN, RECURRIDO.

RECURSO gubernativo contra nota del Registrador Interino de la Propiedad de San Germán denegando la inscripción de un contrato privado de compraventa de cañas.

No. 261.—Resuelto en marzo 7, 1916.

REFACCIÓN AGRÍCOLA—COMPRAVENTA DE CAÑAS—DOCUMENTOS PRIVADOS—INSTRUMENTOS PÚBLICOS—SELLOS DE RENTAS INTERNAS—INSCRIPCIÓN EN EL REGISTRO—DERECHOS DE INSCRIPCIÓN.—Un contrato privado de compraventa de cañas suscrito ante notario de acuerdo con la ley estableciendo un registro de *affidavits* o declaraciones, de marzo 12, 1908, pero que no ha sido hecho bajo su responsabilidad o fe, no es un instrumento público y, por tanto, no

es necesario que en él se adhiera el sello de rentas internas de $1 que exige el artículo 356 del Código Político enmendado por ley de 7 de marzo de 1912, ni que se acompañe para su inscripción en el registro el de 50 centavos que determina el artículo 3 de dicha ley: los derechos que por ello han de satisfacerse están todos regulados por la ley de 10 de marzo de 1910, sección 11, página 123.

Los hechos están expresados en la opinión.

Abogado de la recurrente: *Sr. Benito Forés.*

El registrador interino recurrido, Sr. Francisco Socorro, compareció en nombre propio.

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

La corporación Guánica Centrale hizo un contrato con Juan Gelpí Sanmiguel para la venta de cañas y otros fines. El otorgamiento de este documento fué reconocido ante notario, pero no en la forma en que son reconocidos los documentos públicos, puesto que no había testigos y el documento no fué preparado bajo la responsabilidad o fe del notario. El documento, según alegó la recurrente, era privado reconocido ante un notario público.

Al ser presentado dicho contrato al Registrador de San Germán, se negó éste a admitir el documento para su anotación por el fundamento, primero, de que no contenía el sello de rentas internas de un dollar que exige el artículo 356 del Código Político, tal como ha sido enmendado por la ley de marzo 7, 1912, página 71, edición española y, segundo, por no acompañarse un sello de cincuenta centavos como lo exige el artículo 3 de dicha ley.

La ley a que hemos hecho referencia en las partes pertinentes, dice lo siguiente:

"Se impondrá, cobrará y pagará:

"(1) Sobre cada instrumento o documento original autorizado por notario público o inscrito por un registrador * * * un dollar; *Disponiéndose,* que en los documentos que se otorgaren por funcionarios en el curso de asuntos oficiales no se impondrá, cobrará o pagará ningún impuesto.

❋        ❋        ❋        ❋        ❋        ❋        ❋

"(3) Por cada registro o inscripción de dichos instrumentos o documentos o de sus copias, cincuenta centavos."

Nos inclinamos a convenir con la recurrente en que el documento presentado no es un documento público, autorizado por un notario en la forma requerida por el Código Civil o la Ley Notarial, sino un documento privado. Creemos más particularmente que la anotación de este documento, y los derechos que por ello han de satisfacerse están regulados todos por la ley de marzo 10, 1910, Leyes de la Sesión de 1910, página 123. La ley en su totalidad se refiere a contratos para la venta y molienda de cañas, tales como el que es objeto de esta apelación, disponiendo el artículo 6°. de la ley:

"Art. 6.—Así los contratos de refacción agrícola, como los de molienda de cañas, podrán formalizarse en escritura pública o por documento privado suscrito ante notario, de acuerdo con la 'Ley estableciendo un regïstro de *affidavits* o declaraciones ante notarios y otros funcionarios,' aprobada en marzo 12 de 1908; *Disponiéndose, no obstante,* que cuando el contrato comprenda la constitución, modificación o extensión de un derecho real, habrá de formalizarse en escritura pública e inscribirse en el registro de la propiedad con arreglo a las prescripciones de la Ley Hipotecaria.

"En dichos contratos de refacción agrícola y molienda de cañas deberá hacerse constar la descripción de las fincas objeto de los mismos, la naturaleza del título del terrateniente y las condiciones estipuladas por las partes.

"Los derechos emanados de estos contratos serán transmisibles, por escritura pública, si en un documento de esta clase se hubiere formalizado el documento original, o por simple endoso, suscrito ante notario, a continuación o al margen del documento privado en que el contrato se hubiere consignado, haciéndose constar en el endoso los nombres del cedente y del cesionario, el precio y la fecha de la transmisión."

Como hemos dicho, opinamos que este contrato no contiene ninguna de las características de un documento público, pero aun cuando no fuera así, creemos que la intención de la Legislatura respecto a los derechos que han de pagarse ha sido

completamente expresada en el artículo 11 de dicha ley, el cual es como sigue:

"Art. 11.—Cada anotación o nota marginal en el registro de contratos agrícolas, incluyendo el asiento de presentación, devengará el derecho de dos dollars, si la superficie del terreno, objeto del contrato, no excede de cincuenta cuerdas; tres dollars, si no pasa de cien cuerdas y cinco dollars, de cien cuerdas en adelante.

"Estos derechos serán pagados en sellos de rentas internas, que el registrador fijará y cancelará en el documento, al pie de la constancia de su anotación."

Es solamente por virtud de dicha ley de 1910, que los contratos de esta naturaleza pueden ser inscritos en el registro de la propiedad. La reglamentación de los mismos está determinada enteramente y regulada por dicha ley y la ley respecto a ellos es distinta de la general sobre inscripción de documentos. Las palabras expresas del artículo 11 no dejan lugar a dudas. Esta finca contenía más de 100 cuerdas. Se ofreció pagar los derechos de $5 en sellos de rentas. Era la suma que el registrador tenía o estaba autorizado para cobrar y era exclusiva de cualquier otro derecho.

Debe revocarse la nota del registrador.

> *Revocada la nota recurrida y ordenada la inscrición del documento presentado.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.