MARIO MÁRQUEZ MUÑOZ, INC., recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE BAYAMÓN, recurrido.

Número 1315.

*Sometido:* 1 de marzo de 1955. *Resuelto:* 14 de enero de 1957.

---

*Pedro Roldán Figueroa,* abogado del recurrente; el Registrador Interino recurrido compareció por escrito.

*PER CURIAM:* La recurrente presentó al Registrador de la Propiedad de Bayamón para su inscripción, un documento de hipoteca de bienes muebles. Le fué devuelto con la siguiente nota: "Devuelto el presente documento sin practicar operación alguna porque no se ha consignado la contribución de 50¢, que dispone el Código Político para la inscripción de documentos, y extendida en su lugar anotación preventiva por 120 días según así lo dispone la ley núm. 39 de 23 de abril de 1928". Sostiene la recurrente que la contribución a que se alude en dicha nota no es aplicable a una hipoteca de bienes muebles, constituída en virtud de las disposiciones de la Ley núm. 19 de 3 de junio de 1927, 30 L.P.R.A., sec. 1871 *et seq.,* por ser ésta una ley especial en la que se establecen los únicos derechos a ser pagados al Registrador, por archivar e inscribir un documento de esa naturaleza.

El inciso (3) de la sec. 31 de la Ley de 9 de marzo de 1905, pág. 255, enmendada por la de 14 de marzo de 1907, pág. 359, y de nuevo por la Ley núm. 34 de 7 de marzo de 1912, 13 L.P.R.A., sec. 1928, provee para el pago *de un arbitrio* de 50¢ por "registrar o inscribir" los "instrumentos o documentos" a que se refieren las disposiciones del inciso (1) de dicha sección, o las copias de tales "instrumentos o documentos",[1] mientras que la Ley Hipotecaria de Bienes Muebles, en su sec. 16 preceptúa los honorarios a que tiene derecho el Registrador, pagaderos en sellos de rentas internas, *por lo servicios* que preste bajo las disposiciones de la misma, correspondiendo tales honorarios al Estado Libre Asociado de Puerto Rico. El arbitrio de 50¢, y los honora-

---

[1] "...instrumento o documento original autorizado por notario público o inscrito por un registrador...."

rios mencionados en la citada sec. 16, supra, son dos cosas completamente distintas, y tanto el primero como los segundos deben ser cobrados por los registradores. Aun cuando la Ley Hipotecaria de Bienes Muebles sea, como asevera la recurrente, una ley especial, no hay inconsistencia ni incompatibilidad alguna entre sus disposiciones y las del inciso (3) arriba mencionado.([2]) En vista de lo expuesto, queda revocada nuestra decisión en *Guánica Centrale* v. *Registrador de San Germán*, 23 D.P.R. 563, en cuanto ésta se refiere a la cuestión envuelta en el presente recurso.

*Debe confirmarse la nota recurrida.*

---

([2]) Resolvimos en *Meléndez* v. *Registrador*, 63 D.P.R. 1023, que el inciso (3) de la sección 31 de la Ley de 9 de marzo de 1905, tal como fué posteriormente enmendada, no fué derogada expresa ni implícitamente por las leyes que se mencionan en la opinión emitida en ese caso. Tampoco lo fué por los preceptos de la Ley Hipotecaria de Bienes Muebles.