## FEDERAL LAND BANK OF NEW ORLEANS *v.* CROSLAND, JUDGE OF PROBATE.

ERROR TO THE SUPREME COURT OF THE STATE OF ALABAMA.

No. 428. Argued March 7, 1923.—Decided March 19, 1923.

1. A first mortgage executed to a Federal Land Bank is an instrumentality of the Government and cannot be subjected to a state recording tax. P. 377.
2. Payment of a tax made a condition to the recording of a mortgage is not optional where, under the state law, failure to record would override the mortgage in favor of any purchaser without notice. P. 377.

207 Ala. 456, reversed; petition for certiorari dismissed.

ERROR to a judgment of the Supreme Court of Alabama which reversed a judgment of the State Circuit Court, in mandamus, requiring a state recording officer to record a mortgage without exacting the statutory tax.

*Mr. William C. Dufour,* with whom *Mr. Solicitor General Beck, Mr. John St. Paul, Jr.,* and *Mr. W. A. Gunter* were on the briefs, for plaintiff in error.

*Mr. James J. Mayfield,* with whom *Mr. Harwell G. Davis,* Attorney General of the State of Alabama, was on the briefs, for defendant in error.

If the recording and registration statutes of Alabama be void, then defendant in error had no authority, and consequently no duty was imposed upon him, to register or record the mortgage tendered him. If the legislature of Alabama has the authority to establish and provide a system of registering and recording instruments evidencing title to property in Alabama, then it has the power and authority to prescribe the manner and terms upon which such instruments may be recorded, and to

prohibit the registration and recording of such instruments upon other terms and conditions than those prescribed in the statutes.

If the constitution, state or federal, or even the common law of Alabama, had imposed a duty upon defendant in error to register and record the mortgage, and the legislature had by a void statute attempted to exempt him from such duty, or to impose unlawful conditions, then a court might compel him by mandamus to discharge the legal duties imposed upon him by the constitution or common law; but when the very statute which confers the authority and imposes the duty also imposes the conditions upon which the mortgage may be registered or recorded, and prohibits the instrument from being registered or recorded unless the conditions and terms prescribed are conformed to; and makes the registration or recording of the instrument without a compliance a misdemeanor, then no court will compel the recording officer to violate the only law which authorizes him to register or record the mortgage.

Congress could not require the State to register and record deeds or mortgages made to the United States or its agencies. If, however, it should be conceded that Congress has such power, Congress has not exercised it.

Recording the mortgages and the payment of the tax by plaintiff in error is voluntary. The plaintiff in error can preserve all securities that it has by virtue of its mortgage or by virtue of the acts of Congress, without recording it or without paying for the privilege of so recording it, but it cannot obtain the benefits or securities which the Alabama statutes confer upon its mortgage unless it records it and pays the price of the privilege of recording it, as provided for in the Alabama statutes.

It is not denied that this is a privilege or license tax; but the important question is, Upon what is the tax imposed? It is not a tax upon property, and it is not a bur-

den or regulation imposed upon any business of the mortgagee; it is a charge or tax for privileges and benefits conferred by the State. 18 Ops. Atty. Gen. 491; *Mutual Benefit Ins. Co.* v. *County of Martin,* 104 Minn. 179; *Wheeler* v. *Weightman,* 96 Kans. 69; *Barnes* v. *Moragne,* 145 Ala. 313.

The Federal Farm Loan Act, 39 Stat. 377–380, § 26, contains no provision exempting or attempting to exempt the Federal Land Bank from the payment of the charge or toll in question. Such a provision would be void. Congress can no more impose a tax or a burden upon the state agencies than the legislature can impose a tax or burden upon the federal agencies.

The Federal Farm Loan Act prohibits a payment of any charge by any one other than the borrower, while the Alabama statute demands that the privilege tax be paid by the lender. This could be met by negotiation. Congress, of course, can regulate the contract which shall be made between the borrower and the lender as to loans made by the Federal Land Bank.

The tax is on the privilege of transfer granted by the state law, and no transferee, whether individual, State or United States, can claim an exemption except as the state law allows one. *United States* v. *Perkins,* 163 U. S. 625; *Schneider* v. *Buttman,* 190 U. S. 249; *Pocahontas* v. *Virginia,* 113 Va. 108.

MR. JUSTICE HOLMES delivered the opinion of the Court.

This is a petition for a writ of mandamus to require the recording officer of Montgomery County, Alabama, to record a first mortgage deed on receiving the fee for recording the same, without payment of an additional sum of fifteen cents for each one hundred dollars of the principal sum secured. The General Revenue Act of the State, approved September 15, 1919, by § 361, Schedule

71, [Acts 1919, p. 420] provides that no mortgage shall be received for record "unless the following privilege or license taxes shall have been paid upon such instrument before the same shall be offered for record, to-wit: . . . upon all instruments which shall be executed to secure an indebtedness of more than one hundred dollars there shall be paid the sum of fifteen cents for each one hundred dollars of such indebtedness, or fraction thereof, which is secured by said mortgage . . . to be paid for by the lender, and no such paper shall be received for record unless there is filed therewith a certificate that the privilege tax was paid by the lender." Any probate judge who shall receive a mortgage without collecting the "recording or registration tax" &c., is made guilty of a misdemeanor and punished.

On the other hand the Federal Farm Loan Act of July 17, 1916, c. 245, § 26, provides that first mortgages executed to Federal Land Banks shall be deemed "instrumentalities of the Government of the United States, and as such they and the income derived therefrom shall be exempt from Federal, State, municipal, and local taxation." 39 Stat. 360, 380. The validity of this provision is not questioned. *Smith* v. *Kansas City Title & Trust Co.*, 255 U. S. 180, 207, 212. Of course therefore it must prevail over any inconsistent laws of a State.

The tax was sustained by the Supreme Court of the State and the petition for mandamus was ordered to be dismissed on the ground that the payment was optional; that the Federal Land Bank was not required to put its deed on record, and that if it did it must pay whatever others were required to pay for the registration of its security. But the case is not quite so simple as that. The law of Alabama does make it practically necessary to record such deeds, because it overrides them if not recorded, in favor of any purchaser without notice. While it does so it cannot say that it leaves the Bank free to

record or not. The Bank has a choice it is true, but so has one who acts under duress. *The Eliza Lines,* 199 U. S. 119, 131.

The State is not bound to furnish a registry, but if it sees fit to do so it cannot use its control as a means to impose a liability that it cannot impose directly, any more than it can escape its constitutional obligations by denying jurisdiction to its Courts in cases which those Courts are otherwise competent to entertain. *Kenney* v. *Supreme Lodge of the World,* 252 U. S. 411, 415. It is not necessary to cite cases to show that an act may become unlawful when done to accomplish an unlawful end.

Of course the State is not bound to furnish its registry for nothing. It may charge a reasonable fee to meet the expenses of the institution. But in this case the Legislature has honestly distinguished between the fee and the additional requirement that it frankly recognizes as a tax. If it attempted to disguise the tax by confounding the two, the Courts would be called upon to consider how far the charge exceeded the requirement of support, as when an excessive charge is made for inspecting articles in interstate commerce. *Foote* v. *Maryland,* 232 U. S. 494. But it has made no such attempt. It has levied a general tax on mortgages, using the condition attached to registration as a practical mode of collecting it. In doing so, by the construction given to the statute by the Supreme Court, it has included mortgages that it is not at liberty to reach. The characterization of the act by the Supreme Court as distinguished from the interpretation of it does not bind this Court. *St. Louis Southwestern Ry. Co.* v. *Arkansas,* 235 U. S. 350, 362. *St. Louis Cotton Compress Co.* v. *Arkansas,* 260 U. S. 346. It is said that the lender may collect the money in advance from the borrower. We do not perceive that this makes any difference. The statute says that the lender must pay the tax, but whoever pays it it is a tax upon the mort-

gage and that is what is forbidden by the law of the United States.

A petition for certiorari presented by the plaintiff in error for greater caution will be dismissed.

*Decree reversed.*