FEDERAL LAND BANK OF NEW ORLEANS *et al. v.* TATUM *et al.*

(Division B. Nov. 25, 1935.)

[164 So. 319. No. 31952.]

J. M. Thomas, T. H. Hedgepeth and W. L. Pack, Jr., all of New Orleans, La., and J. T. Lowrey, of Gloster, for appellants.

Fred A. Anderson, Jr., of Gloster, for appellees.

Argued orally by **W. L. Pack, Jr.**, and **T. H. Hedgepeth**, for appellant.

**Ethridge, P. J.**, delivered the opinion of the court.

The appellees were complainants in the court below and filed a bill against the Federal Land Bank of New Orleans and J. T. Lowrey, trustee, seeking to enjoin the sale of lands conveyed to the appellant under a trust deed to secure an indebtedness of one thousand one hundred dollars, given to appellant by B. L. Randall and wife, who afterwards conveyed the land to W. L. Tatum, Mrs. Emma McLain, and Doris McLain. The bill alleged that appellant was undertaking to foreclose said trust deed; that the appellees regularly paid all taxes due on said land except for the year 1934; that they had endeavored to make the payments due the mortgagee on said land, but that due to the low or subnormal prices they received for cotton and other agricultural products, they had been unable to make enough money out of the land to pay the taxes that year, and that due to the limiting of the amount of cotton which could be planted under the restrictions of the department of agriculture, they had been unable to produce sufficient cotton, at the present low price, to pay the indebtedness on said land. They further alleged that they had been unable to refinance this indebtedness with the Federal Land Bank and had endeavored to have them hold up said foreclosure until there was a fair market for real estate, or until agricultural products again reached normal prices, and they would not lose the property for the small sum due; that there are approximately about one hundred fifty acres of land covered by the trust deed which at public sale would probably bring about twenty dollars per acre, a total of three thousand dollars; that they paid two thousand five hundred dollars for said property and have placed valuable improvements thereon; and that if this sale takes place, they will suffer irreparable injury. They

further alleged that they have no remedy at law or equity other than by applying to the chancellor for an injunctive writ.

This bill was demurred to by the appellant on the grounds (1) that there was no equity on the face of the bill; (2) that the Federal Land Bank is an agency of the United States and exempt from the Mississippi Moratorium Law, chapter 247, Laws of 1934; (3) that said deed of trust is now held by said bank as security for an indebtedness due by the appellees who are now in default in the payment of said indebtedness; (4) that said deed of trust is an instrumentality of the government, and if chapter 247 of the Laws of 1934 exempts said deeds of trust, it is in contravention of the Constitution and laws of the United States, in that it hampers, impedes, and interferes with an instrumentality of the federal government.

The chancellor overruled this demurrer and granted an appeal to settle the principles of the case.

By chapter 247, Laws of 1934, it was provided that since an emergency existed of an economic nature in the state of Mississippi, it granted a moratorium to stay sales of property. By section 14 of this act it is provided that: "The provisions of this act shall not apply to any mortgage while such mortgage is held by the United States or by any agency, department, bureau, board or commission thereof, as security or pledge of the maker, its successors or assigns, nor shall the provisions of this act apply to any mortgage held as security or pledge to secure payment of a public debt or to secure payment of the deposit of public funds."

While it is alleged in the bill that the Federal Land Bank was not a government agency, we are of the opinion that whether it is an agency or not is determined by a consideration of the law and federal decisions, construing the Federal Farm Loan Act, chapter 245, 39 Stat. 360, 12 U. S. C. A., section 641 et seq.

By section 701, 12 U. S. C. A., it is provided as follows:

"All Federal land banks and joint stock land banks organized under this chapter, when designated for that purpose by the Secretary of the Treasury, shall be depositaries of public money, except receipts from customs, under such regulations as may be prescribed by said Secretary; and they may also be employed as financial agents of the Government; and they shall perform all such reasonable duties, as depositaries of public money and financial agents of the Government, as may be required of them."

By section 931, 12 U. S. C. A., supra, it is provided that: "First mortgages executed to Federal land banks, or to joint-stock land banks, and farm loan bonds issued under the provisions of this chapter shall be deemed and held to be instrumentalities of the Government of the United States, and as such they and the income derived therefrom shall be exempt from Federal, State, municipal, and local taxation."

We think these decisions of the United States Supreme Court construing the Federal Farm Loan Act, Smith v. Kansas City Title & Trust Co., 255 U. S. 180, 41 S. Ct. 243, 65 L. Ed. 577, and Federal Land Bank v. Crosland, 261 U. S. 374, 43 S. Ct. 385, 67 L. Ed. 703, 29 A. L. R. 1, hold that the Federal Land Bank, and its instrumentalities, is an agent of the federal government, and being such, the Mississippi Moratorium Law, chapter 247, Laws of 1934, does not apply under the express provisions of section 14 of said chapter above quoted.

In view of the conclusion we have reached, upon this point, it is unnecessary to discuss the other questions raised, and the judgment of the court below will be reversed, the demurrer sustained, and the bill dismissed.

Reversed and rendered.