HARRY N. BAETJER, ET AL., Appellants, *v.* REGISTRAR OF PROPERTY OF GUAYAMA, Respondent.

No. 1007.   Submitted November 24, 1937.—Decided January 28, 1938.

*Fiddler, Córdova & McConnell* and *J. M. Morales* for appellants. The registrar appeared by brief.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

Upon presentation for record in the Registry of Property of Guayama of the certificate of purchase of realty issued by the Collector of Internal Revenue of said city to evidence the sale at public auction of a farm of 229 *cuerdas,* located in the Ward of Carite of that jurisdiction, for the collection of taxes due upon the same to the People of Puerto Rico, made to E. René Romney in representation of the Eastern Sugar Associates, the following note was entered:

"The present document is recorded at folio 49 of volume 72 of Guayama, farm number one thousand one hundred and forty four cuadruplicate, inscription 14.   The farm sold is subject to two mortgages executed in favor of the United Porto Rican Bank and assigned by it to the National City Bank of New York.   Guayama, January 30, 1936."

At this stage, the Eastern Sugar Associates addressed the following petition to the registrar:

"According to Section 347 of the Political Code of Puerto Rico, second clause, which reads as follows:

" 'If the right of redemption hereinafter provided for is not exercised within the time prescribed, said certificate, when recorded in the office of the registrar of property of the district in which the property is situated, shall vest the title to said property absolutely in said purchaser, free from all mortgages, liens or other encumbrances.'

"That the last paragraph of the Certificate of Purchase of Realty, which is hereinafter described, reads as follows:

" 'That if the right of redemption should not be exercised by the interested party within the specified year, this certificate shall vest absolute title to the property sold when it be recorded in the Registry of Property of the district in which the property is situated, and the property shall become free from all mortgages, liens or other encumbrances existing thereon.'

"By virtue of what has been hereinabove expressed and more than one year having elapsed, as fixed by law, from the date of the certificate of purchase of realty, without the exercise of the right of redemption by any of those interested.

"As verbal agent of the Eastern Sugar Associates, a Trust, I hereby present in this Registry of Property of Guayama, the certificate of purchase of realty No. 3665, dated November 12, 1935, so that you may proceed to make it appear of record that the sale to the Eastern Sugar Associates has become consolidated with an absolute title and is free from charges or liens; and likewise that you may proceed to cancel, free of charge, and by virtue of the sale made by the Treasurer of Puerto Rico, for the collection of taxes due, each and every one of the encumbrances or liens enumerated in said certificate No. 3665.

"I accompany herewith internal revenue stamps in the amount of $1.50 to cover the fees for recording the absolute title in the name of the Eastern Sugar Associates. The cancellation of liens should be made free of charge in accordance with what has been expressed above and with the provisions of Section 347 of the Political Code of Puerto Rico and the last paragraph of the certificate of purchase of realty now presented."

The registrar wrote at the foot thereof the following:

"The opportune note of consummation of sale in favor of the Eastern Sugar Associates requested by the preceding document is

made on the margin of inscription 14 of farm numbered 1144 cuadruplicate, at folio 49 of volume 72 of Guayama; and the document is returned without taking any action on the cancellation of the liens described at the foot of the certificate of purchase filed therewith, inasmuch as the necessary fees for the purpose have not been deposited, in spite of the fact that they were demanded of the offerer at the time of the presentation of said document, who refused to pay them.''

Feeling aggrieved by that decision the purchaser appealed to this Supreme Court. Both parties have presented briefs in support of their respective positions.

The appellant invokes Section 347 of the Political Code which provides in its second subdivision that the sale for taxes shall be made free from liens and that the certificate verifying such sale may be recorded in the registry upon the payment of a two-dollar fee, to wit:

"If the right of redemption hereinafter provided for is not exercised within the time prescribed, said certificate, when recorded in the office of the registrar of property of the district in which the property is situated, shall vest the title to said property absolutely in said purchaser, free from all mortgages, liens or other encumbrances. Said certificate shall be *prima facie* evidence of the facts recited therein in any controversy, proceeding or suit involving or concerning the rights of the purchaser, his heirs or assigns, to the property thereby conveyed; and the purchaser, his heirs or assigns, may, upon receipt of such certificate, have the same duly recorded by the registrar of property of the district in which such property is situated upon the payment of a fee of two dollars.''

Appellant also relies upon the jurisprudence laid down by this Supreme Court in the cases of *Blanco* v. *Hernández et al.*, 18 P.R.R. 686, *The Municipality of Mayagüez* v. *Gómez et al.*, 15 P.R.R. 608, *Márquez* v. *The Registrar of Property*, 11 P.R.R. 257, in the last of which the court, speaking through Mr. Chief Justice Quiñones, said:

"The public sale of the lands in question having been made for the payment of the taxes thereon which their owner owed, and such taxes constituting a first lien on the property affected, as provided

by Section 315 of the Political Code, the purchaser is entitled to delivery of the lands thus acquired, free from encumbrances, for which purpose the registrar must cancel subsequent encumbrances, as provided by Section 125 of the Mortgage Law. The document presented by the appellant is sufficient authority for this purpose, inasmuch as it is a certificate issued by the deputy collector of taxes with the formalities required by the internal revenue law, he being an agent of the Government, duly constituted and authorized to issue the same, and said certificate consequently is an authentic recordable document comprised under the provisions of Section 3 of the Mortgage Law. . . . '' (11 P.R.R. 257, 258.)

In opposition thereto the registrar avers that Section 347 of the Political Code contains no express provision compelling him to make the cancellation free of charge, that he is bound to comply with what the schedule of fees requires and that if he should perform the operation without charge he would deprive the People of Puerto Rico of an important source of income. He cites the case of *León* v. *Registrar*, 47 P.R.R. 847, in which this Supreme Court, as taken from the syllabus, held:

"The People of Puerto Rico is not bound to furnish the services of an institution like the registry of property free of charge, it may charge a reasonable compensatory fee. (*Federal Land Bank* v. *Crossland*, 261 U. S. 374, *followed.*)"

We truly believe that the registrar has gone too far. This is a case of a sale made for the collection of taxes due to the People and of the record in its own registry of a title granted by it under one of its own laws which provides that the property shall be acquired free from liens and that the deed evidencing the sale shall be recordable in the registry upon the payment of a two-dollar fee.

The act implicitly, although not expressly, states that the record shall be made free from liens. Otherwise the operation would not become complete upon the execution of the certificate and the payment of the fees fixed in the statute. We understand, besides, that such has been the interpreta-

tion placed upon the act since its enactment by the registrars of property themselves.

The fact that existing servitudes are not extinguished by a sale of a farm for taxes as was decided by this court in *Colón* v. *Plazuela Sugar Co.*, 47 P.R.R. 827, has no bearing upon the question as to whether the fees prescribed by the general schedule for a cancellation should be collected, in addition to the fee fixed by the statute, when the record of a sale for taxes free from liens is made.

The statute has already been interpreted in that sense and it is not a question of paying or not paying certain fees. It is, fundamentally, that what is prescribed in the statute with regard to freedom from liens does not extend to servitudes, which are encumbrances of a different nature from that which the legislator had in mind when enacting Section 347 of the Political Code.

For the reasons stated the appeal should be sustained and the registrar ordered to proceed to cancel, free of charge, the liens which he enumerates in the first of his notes.

Mr. Justice Córdova Dávila took no part in the decision of this case.