CRAIG *v.* FEDERAL LAND BANK OF NEW ORLEANS *et al.*

(Division B. March 4, 1940. Suggestion of Error Overruled June 10, 1940.)

[194 So. 589. No. 34026.]

310

W. E. Gore, of Jackson, T. N. Gore, of Marks, and Forrest B. Jackson, of Jackson, for appellant.

Lyell & Lyell, of Jackson, and **E. F. Steiner** and **Beverly C. Adams**, both of New Orleans, La., for appellees.

Argued orally by **W. E. Gore**, for appellant, and by **Beverly C. Adams**, for appellees.

**McGehee, J.**, delivered the opinion of the court.

The State Tax Collector seeks to obtain a decree against both of the appellees in the sum of $26,056.50, for what is commonly known as "gasoline taxes," the amount of recovery sought being six cents per gallon tax on 434,275.10 gallons of gasoline purchased by the appellee Federal Land Bank of New Orleans from the appellee Standard Oil Company of Kentucky, during a period beginning in the year 1932 and ending in September, 1937, and used by the bank for propelling automobiles

owned by it on the highways of this state in the transaction of the bank's business.

Exemption from the payment of the tax is claimed by appellees on three grounds: (1) That the state legislature by Chapter 93 of the Laws of 1932, and Chapter 162 of the Laws of 1936, regular sessions, expressly exempted the payment of such tax where the gasoline is sold to the federal government, or to any of its departments, agencies or instrumentalities: (2) That the attempt to impose and collect the tax violates Section 26 of the Federal Farm Loan Act, Title 12 U. S. C. A., Sec. 931, and Article VI; clause 2 of the Federal Constitution, U. S. C. A., providing that the Acts of Congress shall be the supreme law of the land, and (3) That it was beyond the power of the legislature to tax its sale or use, because the Federal Constitution impliedly prohibits such taxation, when it is sold for use or used by a Federal Land Bank.

The tax collector's position is that under the well settled principle of statutory construction to be applied in the interpretation of statutes under which tax exemptions are claimed, and which requires that the exemption be denied unless the intent and purpose of the legislature to grant the same is clear and unmistakable, the state statutes here under consideration did not grant the exemption claimed; and that neither did the federal statute invoked by the appellees withhold from the state the right to levy the tax in question, nor does the federal constitution prohibit such taxation.

The trial court held that the provisions of said Chapter 93 of the Laws of 1932, and Chapter 162 of the Laws of 1936, supra, expressly exempted the appellees from payment of the tax for the reason that the gasoline was sold by the appellee oil company to the appellee Federal Land Bank, as an agency or instrumentality of the Federal Government, for use in its own automobiles, and in the transaction of its business; and hence the chancellor dismissed the bill of complaint without passing on the other

two grounds invoked by the appellees. This appeal is from that decree.

Section 6, subsection (a), of Chapter 93, Laws of 1932, supra, levied the six cents per gallon tax here in question, and Section 7 of the said act provides among other things that:

"Where gasoline or other petroleum products on which the tax has been paid is sold to the Federal Government, or any of its departments, agencies, or instrumentalities, the distributor shall file a written report thereof with the Auditor, accompanied by a United States Government form No. 44 or 1066, or such other form as may be substituted for said form, which report shall be duly signed by the officer, agent or other employee of the Federal Government, making such purchase, to the effect that such gasoline was purchased for the use of the Federal Government, or some one or more of its departments, agencies or instrumentalities.

"And such distributor, upon filing such report and certificate, accompanied by said forms, as above provided, and upon furnishing such additional evidence of such sale as the Auditor may require, may after first deducting from such gasoline the two per cent (2%) allowed for evaporation and wastage, and other losses, deduct from his next monthly report and payment the net amount of tax paid on such gasoline."

Section 8, subsection (a), of Chapter 162 of the Laws of 1936, supra, likewise levies such tax, and Section 31 thereof provides that there shall not be included in the measure of the tax levied under the statute any gasoline sold to the Federal Government or any of its departments, agencies, or instrumentalities, and contains other provisions substantially the same as those hereinbefore quoted from the 1932 statute aforesaid.

In the cases of Smith v. Kansas City Title & Trust Co., et al., 255 U. S. 180, 41 S. Ct. 243, 65 L. Ed. 577; Federal Land Bank of St. Louis v. Priddy, 295 U. S. 229, 55 S. Ct. 705, 79 L. Ed. 1408; Federal Land Bank of Columbia,

etc. v. Gaines, 290 U. S. 247, 54 S. Ct. 168, 78 L. Ed. 298, the Supreme Court of the United States held that the Federal Land Banks are agencies and instrumentalities of the Federal Government. Pursuant to those decisions the attorney-general of Mississippi, who was charged with the duty of rendering legal opinions to the department of state having in charge the administration of these gasoline tax laws, advised the state auditor on April 13, 1932, that an exemption should be allowed from the payment of the tax on all gasoline sold to employees of a Federal Land Bank when the same was to be used in automobiles owned by such bank. In view of the fact, however, that the statute required that the distributor in order to obtain the exemption should file a written report of the sale, accompanied by U. S. form No. 44 or 1066, or such other form as may be substituted for said form, duly signed by the officer, agent or other employee of the Federal Government making such purchase to the effect that such gasoline was purchased for the use of the Federal Government, or some one or more of its departments, agencies, or instrumentalities, it was deemed necessary by the attorney general that some other form should be substituted for the form above mentioned so that the same could state that the gasoline sold was "for use on business of the Federal Land Bank of New Orleans" instead of reciting that the same had been sold "to the Federal Government" for its use. Such a form was accordingly substituted and used throughout the period in question. The facts are stipulated in the record, and among other things it is agreed that the averments of paragraph 35 of the answer of the appellee Federal Land Bank are true and correct. That paragraph alleges that the exemption certificates and indentification cards so used "were approved by the Federal Farm Loan Board, which was a branch of the Federal Government having supervision of the Federal Land Banks at the time the said certificate was adopted." It is contended by the appellant tax collector that the state legislature in re-

quiring the report which was to be made as a condition precedent to obtaining the exemption should be accompanied by U. S. Form No. 44 or 1066 and to be signed by an "officer, agent, or other employee of the Federal Government," evidenced an intention not to allow the exemption except where the agency or instrumentality of the Federal Government was in position to execute the prescribed form aforesaid through one of the officers, agents, or employees of the Federal Government itself, and that there was no authority for the attorney-general or anyone else other than the Federal Government to substitute a form in lieu of those above mentioned. It is doubtless true that the legislature using the term "or such other form as may be substituted for said forms" had in mind a form to be substituted by the Federal Government rather than one substituted by the department of state administering the gasoline tax statutes. However, since the form prepared by the attorney-general of the state is agreed to have been approved by the Federal Farm Loan Board, as a branch of the Federal Government having supervision of the Federal Land Banks, and which was acted on by the state auditor allowing the exemption, we are of the opinion that this constituted a substantial compliance with the state statute and that the form used was substantially of the same purport as those required by the statute itself. Also, that the requirement that the same should be signed by an "officer, agent or other employee of the Federal Government" was complied with for the reason that under our view of the statute the Federal Land Bank is an agent of the Federal Government and as such agent could not sign the form except through one of its own agents and employees. Moreover, we think that any other construction of these statutes would defeat the manifest purpose of the legislature to grant the exemption in favor of an agency or instrumentality of the Federal Government, since it would be impracticable to require a commissioned officer or some agent or employee of the Federal Government itself in

a more literal sense to be present at such sales of gasoline and certify that the gasoline sold was for use in automobiles owned by a Federal Land Bank in the transaction of its business.

Not only has the Supreme Court of the United States in the decisions hereinbefore cited held that a Federal Land Bank was an agency or instrumentality of the Federal Government, but our own Court has so held in the case of the Federal Land Bank of New Orleans v. Tatum, 174 Miss. 264, 164 So. 319, 320, wherein the Court said: "While it is alleged in the bill that the Federal Land Bank was not a government agency, we are of the opinion that whether it is an agency or not is determined by a consideration of the law and Federal decisions, construing the Federal Farm Loan Act. . . . We think these decisions of the United States Supreme Court construing the Federal Farm Loan Act [citing cases] hold that the Federal Land Bank . . . is an agent of the Federal Government, and being such, the Mississippi Moratorium Law, Chapter 247, Laws of 1934, does not apply under the express provisions of section 14 of said chapter above quoted."

It seems clear to us that if the Federal Land Bank is an agency or instrumentality of the Federal Government within the meaning of the Moratorium Law referred to in the Tatum case, the same is equally true under the provisions of the said Chapter 93 of the Laws of 1932, and Chapter 162 of the Laws of 1936, supra, now under consideration. While it is true, as stated by appellant, that the Moratorium Law is not at all similar to these tax statutes, nevertheless the holding of the Court as to the status of a Federal Land Bank as an agency or instrumentality of the Federal Government would apply in each instance. We must assume that the legislature in undertaking to exempt agencies and instrumentalities of the Federal Government had in mind the decisions of the courts which had held that a Federal Land Bank was such an agency or instrumentality.

It is unnecessary that we consider the question as to whether or not the state was prohibited by the federal statute referred to and the constitution of the United States from levying the tax in question, for the reason that the legislature has not undertaken to exercise such a power, but has refrained from so doing. Therefore, as to whether or not the state has the right to levy the tax here in controversy without violating Section 26 of the Federal Farm Loan Act, Title 12, U. S. C. A., Sec. 931, we express no opinion. In other words, in the language of Mr. Justice Frankfurter, in discussing the principle thus involved in the case of Graves v. New York, 306 U. S. 466, 59 S. Ct. 595, 604, 83 L. Ed. 927, 120 A. L. R. 1466, the issue of whether Congress may, by express legislation, relieve its functionaries from this alleged civic obligation to the state for the privilege of using its highways ''is matter for another day.'' Our state statute having granted the tax exemptions claimed for the period in question, the decree of the chancellor dismissing the suit must be affirmed.

Affirmed.