THE RFC MORTGAGE COMPANY ET AL., Appellants, *v.* REGISTRAR OF PROPERTY OF SAN JUAN (FIRST SECTION), Respondent.

No. 1100. Argued March 27, 1942.—Decided April 10, 1942.

*H. Torres Solá* for appellants. The registrar appeared by brief.

MR. JUSTICE SNYDER delivered the opinion of the court.

The RFC Mortgage Company made a loan of $50,000 to Medical Arts Building, Inc. To secure this loan, the borrower executed a mortgage on its building in San Juan in favor of The RFC Mortgage Company. The Registrar of Property refused to record the mortgage on the ground that it lacked the notarial and recording stamps required by law. The case is here on administrative appeal from that ruling of the Registrar.

Appellants rest their case on the following: (1) Section 610, Title 15, United States Code, in exempting The RFC Mortgage Company from taxation, provides that this exemption "shall . . . be construed to be applicable to the loans made" by it; (2) *Pittman* v. *Home Owners' Loan Corporation,* 308 U. S. 21, holds that a Maryland tax, graduated according to the amount of the loan secured, cannot constitutionally be imposed *in addition to the registration fee* as a condition of recordation of a mortgage executed in favor of Home Owners' Loan Corporation.

The Registrar's reply is that the stamps involved are a fee for the services he renders, and not a tax. The fact that the statute calls the stamps a "fee" rather than a "tax" is not conclusive. "The characterization of the Act by the [Legislature] . . . does not bind this Court." (*Federal Land Bank* v. *Crosland,* 261 U. S. 374, 378.) We must therefore determine if the charge involved in this case is (*a*) a tax, (*b*) partially a tax and and partially a fee, or (*c*) a fee.

Both the *Crosland* and the *Pittman* cases recognize that a fee may be charged. "Of course the State is not bound to furnish its registry for nothing. It may charge a reasonable fee to meet the expenses of the institution. But in this case the Legislature has honestly distinguished between the fee and the additional requirement that it frankly recognizes as a tax. *If it attempted to disguise the tax by confounding the two, the Courts would be called upon to consider how far the charge exceeded the requirement of support,* as when an excessive charge is made for inspecting articles in interstate commerce. *Foote* v. *Maryland,* 232 U. S. 494." *Federal Land Bank* v. *Crosland,* 261 U. S. 374, 378. (Italics ours.)

The appellants might well argue that our statute does not, as in the *Pittman* and *Crosland* cases, provide for a *separate* recording fee in a nominal sum; on the contrary our

statute, although couched in terms of services rendered for a fee, is graded according to the amount secured, exactly as in those cases; to call the levy a fee does not make it a fee, or any less a tax, in the absence of a demonstration of services rendered commensurate with the payment exacted; if the mortgage in this case were for $1,000.00, the Registrar would have required a smaller amount of stamps to be affixed as a condition of recordation; the fact that the mortgage is for $50,000.00 cannot justify the payment of the considerably larger amount which the Registrar is demanding for the apparently identical services he would render for recording a $1,000.00 mortgage.

If that reasoning were convincing, we still would not be required to hold that the services should be rendered free of charge. We would determine only "how far the charge exceeded the requirement of support." See *Foote* v. *Maryland*, 232 U. S. 494, 504. Compare, *San Juan Trading Co.* v. *Sancho Bonet*, 114 Fed. (2) 969, 975, certiorari denied, 312 U. S. 702, where the court, in holding a Puerto Rican taxing statute discriminatory, relieved the taxpayer only of the discriminatory excess. Some courts have solved similar problems by requiring payment only of the fee provided for documents involving the lowest value. See *Malin* v. *Lamoure County*, 27 N. D. 140.

However, we do not find it necessary to embark on the task of determining how far, if at all, the charge is excessive for the services rendered. That question is not new in this jurisdiction. Although neither of the parties cites the case, *León* v. *Registrar*, 47 P.R.R. 847, which was decided subsequent to and in the light of the *Crosland* case, disposes of this problem for us. The able opinion of Mr. Justice Córdova Dávila in that case reads in part as follows at pages 848, 849:

"As ably put by the registrar, the recording of instruments is a complementary function of the registries. The most important and

meritorious work of the registries is the study and qualification by the registrars of the titles, the record of which depends on that fundamental function. A person who seeks to record' real rights receives at the same time the benefits of that study, as a result of which, if the document is defective, he is notified thereof, and given an opportunity to cure the defects and to correct his title in order to receive the benefits and securities afforded by the record. In accordance with our recording system, the record of a title in the registry of property requires a detailed professional study of the title itself, of the complementary documents, and of the antecedents or history of the property in the registry. The registrar goes on saying that the fees are paid for all this work as a whole though they are fixed according to different scales in direct relation to the importance of the service.''

And at page 851:

''We have said already that according to the federal statute the Federal Land Bank can not be subjected to a tax, but in the case of a fee, then the said institution is bound to pay a compensation for the services rendered. It is clear that it is impossible to balance exactly the receipts and the disbursements and that the most that can be expected is a reasonable approximation. It is absurd to expect the legislators to foretell the amount of the same with mathematical exactitude. Therefore, if these fees do not exceed the cost by an unreasonable sum, they must be considered as a fee and not as a tax. And the presumption that the fee is reasonable does not appear' to have been destroyed.''

In short, Alabama and Maryland charge a flat nominal recording fee for minor clerical services of a ministerial nature. On the other hand, in Puerto Rico a Registrar of Property is a bonded quasi-judicial officer who renders important professional services involving the exercise of judgment in examining and certifying the validity of recorded documents of title. Indeed, the Attorney General of the United States has ruled that a certificate of the record by a Registrar of Property in Puerto Rico is sufficient evidence of the state of the title. 25 Ops. Att'y Gen. 226.

It may be argued that in a particular case the charge is excessive. But the government is not under the necessity of

justifying the exact charge in each case. If it can be demonstrated that in the average case substantial services are rendered, and that such services may vary directly with the value of the consideration involved in the documents of title, the constitutional inhibition against taxation of a Federal instrumentality is not infringed by a graduated fee. Professional services, particularly in the field of law, are frequently affected by value, and the compensation therefor is usually adjusted accordingly. If the Legislature has concluded that experience teaches us that as a general proposition documents involving land valued at $50,000 require more extensive professional services by the Registrar than those involving a $1,000 tract, we are not prepared to say that this position is wholly unreasonable. The fact that in a particular case no nice calculation is made justifying the charge does not affect the general principle. *Foote* v. *Maryland*, 232 U. S. 494, 504.

We recognize that under our holding no formula will be available whereby the protection of recordation may be obtained by the payment of a nominal fee solely for the clerical services involved therein. But this court cannot recast the Registry system of Puerto Rico. Anyone wishing to avail himself of it, including Federal instrumentalities, must conform to its requirements. As a matter of fact, the opinion of the Attorney General of the United States, *supra,* strikingly illustrates the benefits, in addition to the protection of recordation, flowing from a Registrar's certificate. The payment of $107 in stamps for such services and such protection for a $50,000 mortgage is not *prima facie* a gross overcharge.

In conclusion, we point out that if The RFC Mortgage Company wishes exemption from payment of *fees* which private commercial lending agencies must pay for *professional services* rendered to them by insular officials, only the Legislature can make such an exemption. The Legisla-

ture has so provided for documents involving loans not in excess of $1,500.00 made by certain Federal agricultural agencies (Act No. 311, Laws of Puerto Rico, 1938) and for transactions of the Puerto Rico Reconstruction Administration for rural rehabilitation (Act No. 78, Laws of Puerto Rico, 1941). Whether similar, although more extensive professional services, should be rendered free of charge for commercial loans of $50,000 on which the borrower pays only 4½ per cent interest, particularly where by special contract the borrower and not The RFC Mortgage Company pays such fees, is for the Legislature, and not for us, to determine.

It remains only to note that the position of the appellants is well taken with reference to the notarial stamps. They admittedly involve a tax to obtain insular revenues for general purposes in return for which no public services are directly rendered to the mortgagee. We are not impressed with the argument of the Registrar that even if the notarial stamps are a tax, the mortgage itself provides that the "expenses of this deed" and "any taxes which may be imposed on" the mortgage shall be paid by the mortgagor, who can make no claim for exemption. "Whoever pays it it is a tax upon the mortgage and that is what is forbidden by the law of the United States." *Federal Land Bank* v. *Crosland*, 261 U. S. 374, 378, 379; *Pittman* v. *Home Owners' Corp.*, 308 U. S. 21, 30, 31.

The ruling appealed from will be modified and the Registrar will be ordered to record the mortgage free of notarial stamps upon the payment in stamps of the recording fees provided by law.