HOUSING AUTHORITY OF PUERTO RICO, Appellant, v. REGISTRAR OF PROPERTY OF CAGUAS, Respondent.

No. 1161.—Submitted February 21, 1945.—Decided April 30, 1945.

*R. B. Pérez Mercado* for appellant. The registrar appeared by brief.

MR. JUSTICE TODD, JR., delivered the opinion of the court.

In an action of condemnation brought by the Housing Authority of Puerto Rico against Compañía Agrícola de Caguas, the District Court of Caguas ordered the registrar of property to record in favor of the Authority the ownership title to the rural property which had been expropriated. Upon presentation of said document the registrar refused to record it for failure to attach $21 in internal revenue stamps which was the registration fee, and returned the same without making any entry. In order to review this refusal the Authority has taken the present appeal, and it alleges that it is not bound to pay said fees, because it is an agency of

the Government of Puerto Rico, and because by express provision of Act No. 126 of March 6 of 1938, creating the Housing Authorities, it is exempted from taxes.

■■ In this case, however, a tax is not involved. The fees which are paid as compensation for the services rendered by the registrar are not considered as taxes. In *León* v. *Registrar*, 47 P.R.R. 847, we stated:

"We are of opinion that a state or territory is not bound to establish and furnish the services of an institution like the registry of property free of charge. *Federal Land Bank* v. *Crossland*, 261 U. S. 374. The state or territory may charge a compensatory fee. This fee, if reasonable, can not be considered a tax from which the Federal Land Bank is exempted, *because both the federal and the local agencies* must contribute to compensate the services rendered. . . ." (Italics ours.)

We reached the same conclusion in *Baetjer* v. *Registrar*, 57 P.R.R. 170; *The R. F. C. Mortgage Co.* v. *Registrar*, 60 P.R.R. 230; *Irizarry* v. *Registrar*, 61 P.R.R. 70. See also *Meléndez* v. *Registrar*, 63 P.R.R. 984.

According to those decisions, an exemption from the payment of fees may be granted only by the Legislature, when it expressly so provides which purpose is not obtained by the mere fact that a Government agency or instrumentality is exempted from the payment of taxes.

The decision appealed from should be affirmed.