

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

June 27, 1958

This Opinion
Overrules Opinion
# WW-458

Honorable Robert S. Calvert
Comptroller of Public Accounts
Capitol Station
Austin, Texas

Opinion No. WW-458A

Re: Whether or not an
interest owned by the
Federal Land Bank of
Houston, in production
of oil, is subject to
the production tax
provided for by Arti-
cle 7057a, V.C.S. and
the regulation pipe
line tax provided for
by Article 6032, V.C.S.

Dear Mr. Calvert:

Opinion No. WW-458, dated June 19, 1958, on the above-
captioned matter, is withdrawn and the following opinion
substituted therefor.

You submit the following question:

Whether or not an interest owned by the Federal
Land Bank of Houston, in production of oil, is
subject to the production tax provided for by
Article 7057a, Vernon's Civil Statutes, and the
regulation pipe line tax provided for by Article
6032, V.C.S.

You advise us that the royalty interest here involved was
reserved by the Federal Land Bank in the sale of property
which it had acquired by foreclosure.

The answer to your question depends upon the construction
that should be given to certain Federal statutes pertaining
to taxation and exemptions therefrom and the powers conferred
upon Federal Land Banks by Congress. For example, Section 931,
Volume 12 of the United States Code Annotated deals with their
taxation. It is as follows:

"Every Federal land bank and every national farm loan
association, including the capital and reserve or surplus
therein and the income derived therefrom, shall be exempt
from Federal, State, municipal, and local taxation, ex-
cept taxes upon real estate held, purchased, or taken by
said bank or association under the provisions of sec-

tions 761 and 781 of this title. First mortgages executed
to Federal land banks, or to joint stock land banks,
and farm loan bonds issued under the provisions of this
chapter, shall be deemed and held to be instrumental-
ities of the Government of the United States, and as
such they and the income derived therefrom shall be
exempt from Federal, State, municipal, and local tax-
ation. July 17, 1916, c. 245 § 26, 39 Stat. 380."

This provision of the Federal law is broad enough to cover
exemptions from all forms of taxation except that upon real
property, which it specifically permits. Of course, the oil
production tax and the pipe line regulation tax are not ad
valorem taxes upon real property, but are in the nature of
excise and occupation taxes. The Supreme Court of the United
States in the case of Federal Land Bank of New Orleans v.
Crosland, Ala. 1923, 43 S.Ct. 385, 261 U.S. 374, 67 L.Ed. 73,
29 A.L.R. 1, holds that Section 931, quoted above, must prevail
over any inconsistent laws of a state. We do not consider the
phrase "including the capital and reserve or surplus therein
and the income derived therefrom" as a limitation upon "Every
Federal land bank and every national farm loan association" so
as to restrict the exemption to "capital and reserve or surplus
therein and the income derived therefrom." Even if we were
to construe "capital and reserve or surplus and income derived
therefrom" as constituting the extent of Federal immunity
from taxation, exclusive of real estate which is taxable, it
may reasonably be said that the exemption still applies, for
this oil interest no doubt constitutes a part of the reserve
or surplus of the bank or income derived therefrom.

Therefore, unless we are prepared to hold that the Federal
Land Bank holds this royalty in violation of other provisions
of the Federal Land Bank Act, such for example as Sections 781
and 791, we must hold the bank exempt from these taxes.

Section 781 provides in part as follows:

"But no such bank shall hold title and possession of
any real estate purchased or acquired to secure any
debt due to it, for a longer period than five years,
except with the special approval of the Farm Credit
Administration in writing."

Section 791 provides in part as follows:

"No Federal land bank shall have power to accept
deposits of current funds payable upon demand except
from its own stockholders, or to transact any bank-

ing or other business not expressly authorized by
the provisions of this subchapter."

These we shall now discuss briefly.

There are no Texas cases in point but two from other
jurisdictions which we feel impelled to follow.  In the case
of Federal Land Bank of New Orleans v. Cooper, 190 Miss. 490,
200 Southern 729 the Court said:

> ".  .  . After the appellant acquired title to the land,
> it had the right to sell it without the minerals
> therein to one and the minerals to another, either
> contemporaneously or at different times.  This we do
> not understand counsel for the appellees to controvert,
> but they say that the purpose for which the appellant
> was organized was to 'set up a rural credit system
> by which credit, not adequately provided by commercial
> banks, should be extended to those engaged in agricul-
> ture, upon the security of farm mortgages' (Federal
> Land Bank v. Gaines, 290 U.S. 247, 54 S.Ct. 168, 169,
> 78 L.Ed. 298); that Section 791 of the Farm Loan Act
> prohibits it from transacting 'any banking or other
> business not expressly authorized by the provisions
> of this sub-chapter' (italics ours), and that the
> exception in this deed is pursuant to a policy adopted
> by the bank of placing similar exceptions in all of
> the deeds conveying land owned by it for the purpose
> of engaging 'in the mineral or oil and gas business' --
> a business not authorized by the appellant's charter,
> but in which it is prohibited from engaging. .  .  .

> "As hereinbefore said, the appellant had the right to
> reserve the minerals in this land when selling it,
> and to thereafter sell them.  Should it go further
> than this and enter actively into the mineral, oil
> and gas business, its right so to do will be for deter-
> mination when but not until it is challenged either by
> the Government from which it received its charter, or
> by someone injured thereby, and who has the right so
> to do."

The case of Lively v. Federal Land Bank et al 176 S.W. 2d
264 (Court of Appeals of Kentucky, the highest Court of that
state) holds substantially the same in this language:

> ".  .  . While it is the general rule in this jurisdiction
> that private corporations may not own real estate,
> except what is necessary in the operation of its busi-
> ness, for more than five years, but we do not think this

is applicable to appellee bank which is governed by
the law creating such institutions and defining its
rights and authority. . . .

". . .

". . . 'However, retention of such minerals and mineral
rights for periods in excess of five years when in
the Bank's opinion it is in the Bank's interest to do so,
had the approval of the Farm Credit Administration.' The
Manual referred to contains the rules and regulations
governing the operation of such banks which the Farm
Credit Administration is authorized to make by 12 U.S.C.A.
§ 665. It appears from this authority and the evidence
produced that the bank had the right and power to retain
an interest in the oil and gas and that the reservation
or exception contained in the deed was valid."

These rules and regulations seem to be general, and ap-
parently apply to the Houston Land Bank.

A denial by the State of immunity from taxation of a
Federal agency incorporated by Congress, such as a Federal land
bank, is not in our view such a challenge of its corporate powers
under its charter as was in the mind of the Court in the two
cases referred to above. Rather, we think the challenge must
be a direct action by the State or some affirmative action by
the Federal government from which the bank received its charter.
Until this is successfully done, we are constrained to hold
that the Federal Land Bank of Houston is exempt from the taxes
here in question. The royalty is subject to ad valorem taxes as
real property by the expressed sanction of Congress and this we
assume is not questioned.

## SUMMARY

The Houston Federal Land Bank is exempt from
the oil production tax and the regulation pipe line
tax provided in Article 7057a and 6032, V.C.S.,
respectively. The royalty owned by the bank is
real property and is taxable as such by the expressed
consent of Congress, but the oil production tax and
the oil pipe line regulation tax are excise or
occupation taxes and, as such, are exempt from the
State taxes here involved under Section 931, Vol-
ume 12 of the United States Code Annotated.

                                    Yours very truly,

                                    WILL WILSON
                                    Attorney General of Texas

                                By  L. P. Lollar
                                    Assistant

LPL:db

APPROVED:

OPINION COMMITTEE

Geo. P. Blackburn, Chairman

Leonard Passmore
Wayland C. Riverts, Jr.
Henry G. Braswell

REVIEWED FOR THE ATTORNEY GENERAL

By:  W. V. Geppert