CULVER SMITH, Circuit Judge.
This is an original proceeding in mandamus. The Relator, Seaboard Air Line Railroad Company, purchased certain parcels of real property located in Dade County, Florida from the United States of America, acting by and through its agency and instrumentality, the General Services Administration. Deeds of conveyance from the United States of America were made, executed and delivered to the Relator and were offered for recording by Relator. Acceptance was refused by the Clerk of the Circuit Court unless payment was made of the documentary stamp taxes provided for by Sections 201.01 and 201.02, Florida Statutes, F.S.A. Relator thereupon paid the tax, under protest, and made application to the Respondent, Ray E. Green, as Comptroller of the State of Florida, for a refund, pursuant to Section 215.26 Florida Statutes, F.S.A. Respondent rejected the application, whereupon Relator brought this proceeding.
Relator raises two points, the first being whether the State of Florida has power to impose a documentary stamp tax on deeds made, executed and delivered by an agency of the Federal Government. The Respondent concedes that the United States and its agencies and instrumentalities are immune from state taxation, and, therefore, not sub' ject to taxation under Sections 201.01 and 201.02, Florida Statutes, F.S.A. Respondent contends, however, that this fact does not exempt the Relator, since Section 201.01 seems to place the responsibility for payment of the tax on both parties to a transaction.
Three decisions of the Supreme Court of the United States bear on the question now under consideration. In the case of Federal Land Bank of New Orleans v. Crosland, 261 U.S. 374, 43 S.Ct. 385, 67 L.Ed. 703, the State of Alabama imposed a tax on mortgages as a condition precedent to recording, the Statute providing that this tax was to be paid by the lender, which, in that instance, was the Federal Land Bank. The Supreme Court of the United States held that the tax was not applicable. It was argued that the lender could collect the money in advance from the borrower, but the Court stated:
“ * * * We do not perceive that this makes any difference. The statute *130 says that the lender must pay the tax, but whoever pays it it is a tax upon the mortgage and that is what is forbidden by the law of the United States.”
In Pittman v. Home Owners’ Loan Corp., 308 U.S. 21, 60 S.Ct. IS, 84 L.Ed. 11, the Home Owners Loan Corporation secured a mandamus in the State Court to compel the recording clerk to record a mortgage without affixing stamps for the tax required, by the Maryland Statute. This Statute was silent as to the one who should pay the tax. In affirming the State Court, the Supreme Court of the United States cited Federal Land Bank of New Orleans v. Crosland (supra) saying:
“ * * * Petitioner suggests that the Crosland case may be distinguished; that the Alabama tax was imposed on the lender, whereas the Maryland tax is on the privilege of recording the instrument and the statute is silent as to the one who shall pay the tax; also that the Federal Farm Loan Act expressly declared the mortgages of Federal Land Banks to be instrumentalities of the Federal Government. The Court of Appeals thought these differences to be immaterial. As to the first, the court rightly observed that in the Crosland case the provision for the payment of tax by the lender was regarded as having no determining significance. We said that ‘whoever pays it it is a tax upon the mortgage and that is what is forbidden by the law of the United States’.”
A somewhat different situation confronted the Supreme Court of the United States in the case of Laurens Federal Savings and Loan Association v. South Carolina Tax Commission et al., 365 U.S. 517, 81 S.Ct. 719, 5 L.Ed.2d 749. The question was whether the State of South Carolina had power to require the Savings and Loan Association, located in that state, to pay documentary stamp taxes on promissory notes executed by the association in favor of a Federal Home Loan Bank to cover loans from the Bank to the Association, the tax being assessed directly against the Association. The Supreme Court of South Carolina upheld the state’s taxing power on two grounds, the first of which concerns us here. This was because the taxes were imposed upon the borrowing Savings and Loan Association, rather than upon the exempt Federal Home Loan Bank. The Supreme Court of the United States reversed the South Carolina court’s decision, citing Pittman v. Home Owners Loan Corp. (supra) and stating:
“The state court in the present case, although drawing no distinction between the terms ‘loans’ and ‘advances,’ nevertheless thought the Pittman decision inapplicable here because in that case the mortgage was presented for recording by the exempt lender itself (the Home Owners’ Loan Corporation) while here the South Carolina tax was assessed against the borrowing petitioner association rather than against the exempt lender (the Home Loan Bank). We distinctly said in Pittman, however, that the fact that the state taxing statute did not require payment of the tax by the lender has ‘no determining significance,’ our reason being that ‘ “whoever pays it it is a tax upon the mortgage and that is what is forbidden by the law of the United States.” ’ ”
The three cases heretofore discussed present three somewhat different situations. In Federal Land Bank v. Crosland, the tax was imposed upon the exempt lender. In Pittman v. Home Owner’s Loan Corp. the statute was silent as to whether the tax was to be paid by the borrower or the lender, and Laurens Federal Saving and Loan Association v. South Carolina Tax Commission the tax was assessed against the borrower. In each instance, however, the Supreme Court of the United States disallowed the tax on the basic principle ttfat, regardless of who paid the tax, it was a tax on the mortgage (or instruments) and that this was forbidden.
*131 In the instant case it is conceded by the parties that the General Services Administration is an agency and instrumentality of the United States, and is exempt from the tax in question. It made, executed and delivered its deeds to the Relator, which deeds were certainly indispensable documents in the selling operations which it was authorized to perform. Applying the rationale of the United States Supreme Court, contained in the three cases mentioned, we hold that even if the Relator pays the tax in question here, and not the exempt grantor, it would be a tax on the deeds, and this is not permitted. In view of this conclusion, it is not necessary to consider Relator’s second point.
It is ordered peremptory Writ of Mandamus he issued as prayed.
DREW, C. J., and THOMAS, ROBERTS and CALDWELL, JJ., concur.