QUESTION: Does Ch. 201, F.S., require that documentary stamps be affixed to the $1,200,000 Public Improvement Revenue Bonds, Series 1974, Anticipation Notes of the City of Pinellas Park issued pursuant to a lending agreement under s. 215.431, F.S.?
SUMMARY: Documentary stamp taxes are required upon documents within the taxing purview of Ch. 201, F.S., even though one of the parties is a municipality. The nonexempt or nonimmune party thereto is liable for the purchase and affixation of such documentary stamps, since Ch. 201 places the burden of payment upon both parties to the document. Only in those situations where both parties to the documents are exempt or immune would documentary stamps not be required to be affixed to otherwise taxable documents. Section 201.01, F.S., imposes the liability for the payment of the documentary stamp tax upon the person: . . . who makes, signs, executes, issues, sells, removes, consigns, assigns, or ships the [documents], or for those whose benefit or use the same are made, signed, executed, issued, sold, removed, consigned, assigned, or shipped in the state. Such language imposes the liability for payment of the documentary stamp tax on both parties to a taxable document. See AGO's 062-150, 063-131, 065-69, 068-10, 070-169, 070-171, and 071-100. However, a municipality is not subject to taxation under Ch. 201, F.S. Attorney General Opinions 062-150, 063-131, and 068-10. But, before a document may be deemed not subject to taxation under Ch. 201 in its entirety, both parties must be exempt or immune from such tax. Attorney General Opinion 063-131. I find no exemption from documentary stamp taxes granted to a Florida bank by Ch. 201, F.S., or any other section of the Florida Statutes. Section213.12(1), F.S., does provide that all state banks shall have the same immunity from state and local taxation that national banking associations have under the statutes of the United States. Under12 U.S.C.A. 548, a national bank for purposes of state taxation is treated as a bank organized and existing under the laws of the state in which its principal office is located. Since no exemption from Florida taxation under Ch. 201 is granted to a national bank with its principal office in Florida, s. 213.12(1) would not immunize a state bank from Florida taxes. Hence, since only the municipality, the maker of the note, is not subject to tax and not the state bank for whose benefit the note is made, documentary stamp taxes would be required to be affixed thereto by the nonexempt or nonimmune party, the bank, pursuant to ss. 201.01 and201.08, F.S. Attorney General Opinion 068-10. The fact that the municipality has by contract agreed to pay all expenses and costs of the issuance and delivery of the notes, which may include the cost of any documentary stamps required to be affixed by the bank, is not material. In AGO 071-100, I concluded that a similar contractual provision by a municipality did not relieve the duty that documentary stamps be purchased and affixed, since the taxes were not being imposed upon an exempt or immune party. A caveat is here required when documents of the federal government or its agencies are concerned. Although this question is not involved directly in the question you ask, the reasoning of this opinion might be improperly applied to documents involving the federal government. In those instances, the cases of State v. Green,173 So.2d 129 (Fla. 1965), Choctawhatchee Electric Cooperative, Inc. v. Green, 132 So.2d 556 (Fla. 1961), cert. den. 369 U.S. 829, (1962), and Plymouth Citrus Growers Association v. Lee,24 So.2d 415 (Fla. 1946), should be examined with care, together with the following previous opinions of this office dealing with that specific problem: Attorney General Opinions 061-84, 061-137, 062-150, 063-131, 065-69, and 070-93.