THE RFC MORTGAGE COMPANY y MEDICAL ARTS BUILDING, INC., recurrentes, *v.* EL REGISTRADOR DE LA PROPIEDAD DE SAN JUAN, SECCIÓN PRIMERA, recurrido.

Núm. 1100.—*Sometido:* Marzo 27, 1942. *Resuelto:* Abril 10, 1942.

*H. Torres Solá,* abogado de las recurrentes; el registrador recurrido compareció por escrito.

El Juez Asociado Señor Snyder emitió la opinión del tribunal.

La RFC Mortgage Company hizo un préstamo de $50,000 a la Medical Arts Building, Inc. Para garantizar este préstamo, el prestatario otorgó una hipoteca a favor de la RFC Mortgage Company sobre su edificio en San Juan. El Registrador de la Propiedad se negó a inscribir la hipoteca por el fundamento de que ésta no tenía los sellos notariales y de inscripción exigidos por la ley. El caso se encuentra ante nos a través de un recurso gubernativo contra tal nota del registrador.

Los recurrentes fundan su caso en lo siguiente: (1) la Sección 610, Título 15, United States Code, al eximir de contribuciones a la RFC Mortgage Company, dispone que esta exención "será . . . interpretada como aplicable a los préstamos hechos" por ella; (2) *Pittman* v. *Home Owners' Loan Corporation,* 308 U. S. 21, resuelve que una contribución de Maryland, calculada de acuerdo con la cantidad del préstamo garantizado, no se puede imponer constitucionalmente *en adición al derecho (fee) de inscripción* como una condición para el registro de una hipoteca otorgada a favor de la Home Owners' Loan Corporation.

La réplica del registrador es que los sellos en cuestión son un derecho *(fee)* por los servicios que él presta, y no una contribución. El hecho de que el estatuto se refiera a los sellos como un "derecho" *(fee)* en vez de una "contribución" no es concluyente. "La descripción de una ley por la (Legislatura) . . . no obliga a este Tribunal." (*Federal Land Bank* v. *Crosland,* 261 U. S. 374, 378). Por tanto debemos determinar si el cargo envuelto en este caso es (a) una contribución, (b) parcialmente una contribución y parcialmente un derecho *(fee)*, o (c) un derecho *(fee)*.

■■ Tanto el caso de *Crosland* como el de *Pittman* reconocen que puede cobrarse un derecho *(fee)*. "Desde luego, el Estado no está obligado a suministrar su registro gratui-

tamente. Tiene derecho a cargar una suma razonable para hacer frente a los gastos que dicha institución le acarrea. Pero en este caso la legislatura ha hecho una distinción honrada entre los derechos de arancel y el cargo adicional que reconoce francamente con el nombre de contribución. *Si tratara de disfrazar la contribución confundiendo ambos impuestos, las cortes serían las llamadas a considerar hasta qué punto el cargo excedía lo requerido para su sostenimiento,* como por ejemplo cuando se fija un impuesto excesivo por inspeccionar artículos de comercio interestadual. *Foote* v. *Maryland,* 232 U. S. 494." *Federal Land Bank* v. *Crosland,* 261 U. S. 374, 378. (Bastardillas nuestras.)

Los recurrentes podrían muy bien argumentar que nuestro estatuto no provee, como en los casos de *Pittman* y *Crosland,* para el pago de un derecho (*fee*) *separado* de inscripción en una suma nominal; por el contrario, nuestro estatuto, aunque redactado en términos de servicios prestados mediante el pago de un derecho (*fee*), está graduado de acuerdo con la cantidad garantizada, exactamente como en aquellos casos; el llamar a la recaudación un derecho (*fee*), no la convierte en derecho (*fee*), y mucho menos en una contribución, en ausencia de una demostración de servicios prestados en proporción con el pago que se exige; si la hipoteca en este caso fuera por $1,000 el registrador hubiera exigido una cantidad menor en sellos para ser adheridos como una condición de la inscripción; el hecho de que la hipoteca sea por $50,000 no puede justificar el pago de tan elevada cantidad que el registrador está exigiendo por los aparentemente idénticos servicios que él rendiría por inscribir una hipoteca de $1,000.

Si tal razonamiento fuera convincente, todavía no estaríamos obligados a resolver que los servicios deben rendirse gratuitamente. Determinaríamos solamente "hasta qué punto el cargo excedía lo requerido para su sostenimiento." Véase *Foote* v. *Maryland,* 232 U. S. 494, 504. Compárese, *San Juan*

*Trading Co.* v. *Sancho Bonet,* 114 F. (2) 969, 975, *certiorari* denegado, 312 U. S. 702, en donde la corte al declarar discriminatorio un estatuto de Puerto Rico sobre contribuciones, relevó al contribuyente solamente del exceso discriminatorio. Algunas cortes han resuelto problemas similares requiriendo solamente el pago del derecho (*fee*) fijado para documentos que envuelven el valor mínimo. Véase *Malin* v. *Lamoure County,* 27 N. D. 140.

Sin embargo, no creemos necesario enfrascarnos en la tarea de determinar hasta qué punto, de serlo, el cargo es excesivo a los servicios prestados. Esa cuestión no es nueva en esta jurisdicción. Aunque ninguna de las partes lo cita, el caso de *León y Rivas* v. *Registrador,* 47 D.P.R. 890, que fué resuelto subsiguientemente a y a la luz del caso de *Crosland,* nos resuelve este problema. La competente opinión del Juez Asociado Sr. Córdova Dávila en ese caso lee en parte como sigue, a la página 892:

"Como muy bien dice el registrador, la inscripción es una labor complementaria del funcionamiento del registro. Su función más importante y meritoria es el estudio y calificación que el registrador hace de los títulos, dependiendo la inscripción de esta labor fundamental. El que quiere inscribir un derecho real, recibe simultáneamente los beneficios de este estudio, como resultado del cual, si el documento es defectuoso, se pone al interesado sobre aviso y se le da una oportunidad para corregir los errores y perfeccionar su título a fin de que pueda recibir los beneficios y garantías que ofrece la inscripción. El despacho o inscripción de un título en el registro de la propiedad requiere y exige, dada la naturaleza de nuestro sistema registral, un estudio profesional detenido del título mismo, de los documentos complementarios y de los antecedentes o historia de los bienes en el registro. Los derechos, continúa el registrador, se pagan por esta labor englobada, si bien se gradúan por distintas escalas que están en relación directa con la importancia del servicio."

Y a la página 895:

"Ya hemos dicho que de acuerdo con el estatuto federal no puede compelerse al Federal Land Bank al pago de una contribución; pero si se trata de un derecho o *fee,* entonces la referida institución está

obligada a satisfacer una compensación por los servicios que se le
presten. Es claro que no pueden equilibrarse con exactitud los
egresos y los ingresos, y que lo más que puede esperarse es una razonable aproximación. Sería absurdo pretender que los legisladores
pudiesen predecir la cuantía de los mismos con exactitud matemática. De suerte que si estos aranceles o derechos no exceden del costo
del sostenimiento del registro de una manera irrazonable, deben
considerarse como *fees* y no como contribuciones. Y a nosotros no
se nos ha demostrado que la presunción prima facie de la razonabilidad del derecho haya sido destruída.''

• En síntesis, Alabama y Maryland cobran un derecho (*fee*)
nominal y fijo de inscripción por secundarios (*minor*) servicios clericales de naturaleza ministerial. Por otra parte, en
Puerto Rico un registrador de la propiedad es un oficial cuasijudicial que ha prestado fianza y que rinde importantes
servicios profesionales que envuelven el ejercicio de su criterio al examinar y certificar la validez de documentos sobre
título ya inscritos. En verdad, el Procurador General de
Estados Unidos ha sentado un *ruling* que un certificado de
inscripción de un registrador de la propiedad en Puerto
Rico es evidencia suficiente del estado del título. 25 *Ops.
Att'y Gen.* 226.

Puede argüirse que en un caso particular el cobro es excesivo, pero el Gobierno no está en la necesidad de justificar
el cobro exacto en cada caso. Si puede demostrarse que en
el caso promedio se prestan servicios sustanciales, y que esos
servicios pueden variar directamente con el valor de la cantidad envuelta en los documentos de título, la inhibición constitucional contra la imposición de contribuciones a una instrumentalidad federal no se infringe mediante el pago de un
derecho (*fee*) graduado. Los servicios profesionales, particularmente en el campo del derecho, son frecuentemente afectados por el valor, y su compensación usualmente se gradúa
de conformidad. Si la legislatura ha llegado a la conclusión
de que la experiencia nos enseña que, como una proposición
general, los documentos que envuelven terreno valorado en

$50,000 requieren servicios profesionales más extensos por parte del registrador que aquéllos que envuelven una parcela de $1,000, no estamos preparados para decir que esta posición es enteramente irrazonable. El hecho de que en un caso específico no se haga un cálculo minucioso que justifique el cobro del cargo, no afecta el principio general. *Foote v. Maryland,* 232 U. S. 494, 504.

Reconocemos que bajo nuestra decisión (*holding*) no habrá una fórmula por la cual se obtenga la protección de la inscripción mediante el pago de un derecho (*fee*) nominal pagado únicamente por los servicios clericales allí envueltos. Pero esta Corte no puede rehacer el sistema de registros de Puerto Rico. Cualquier persona que desee valerse de éstos, incluyendo las instrumentalidades federales, debe cumplir con sus requisitos. Como cuestión de hecho, la opinión del Procurador General de los Estados Unidos, supra, vivamente ilustra los beneficios, en adición a la protección de la inscripción, derivados de un certificado del Registrador. El pago de $107 en sellos por tales servicios y tal protección para una hipoteca de $50,000 no es prima facie un recargo excesivo.

En resumen, señalamos que si la RFC Mortgage Company desea exención del pago de los derechos (*fees*) que agencias comerciales privadas que hacen préstamos deben pagar por los *servicios profesionales* prestádosles por funcionarios insulares, solamente la Legislatura puede hacer tal exención. Así lo ha dispuesto la Legislatura para documentos que envuelven préstamos que no exceden de $1,500 hechos por ciertas agencias agrícolas federales (Ley Núm. 311, Leyes de Puerto Rico, 1938) y para transacciones de la Puerto Rico Reconstruction Administration para rehabilitación rural (Ley núm. 78, Leyes de Puerto Rico, 1941). La Legislatura, y no nosotros, debe determinar si servicios profesionales similares, aunque más extensos, deben ser prestados libres de derecho en préstamos comerciales de $50,000 en que el prestatario paga solamente 4½ por ciento de interés,

particularmente cuando mediante un contrato especial el prestatario y no la RFC Mortgage Company paga dichos derechos (*fees*).

■ Resta sólo señalar que la posición de las recurrentes está bien fundada en lo que se refiere a los sellos notariales. Dichos sellos obviamente envuelven una contribución con el fin de obtener rentas insulares para fines generales, a cambio de los cuales no se rinden directamente servicios públicos al acreedor hipotecario. No nos convence el argumento del Registrador de que aunque los sellos notariales sean una contribución, la hipoteca misma dispone que los "gastos de esta escritura" y "todas las contribuciones que pudieren imponerse sobre" la hipoteca, serán pagados por el deudor hipotecario, quien no puede reclamar exención. "Quienquiera que lo pague, es una contribución sobre la hipoteca, y eso es lo que está prohibido por el estatuto de los Estados Unidos." *Federal Land Bank* v. *Crosland*, 261 U. S. 374, 378, 379; *Pittman* v. *Home Owners' Corp.*, 308 U. S. 21, 30, 31.

*La nota recurrida será modificada y se ordenará al Registrador que inscriba la hipoteca libre del pago de los sellos notariales y previo el pago en sellos de los derechos (fees) de inscripción dispuestos por la ley.*