SERAPIO MELÉNDEZ MORALES, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE HUMACAO, recurrido.

Núm. 1146.—*Sometido:* Julio 3, 1944. *Resuelto:* Julio 24, 1944.

*Rafael B. Pérez Mercado,* abogado del recurrente; el registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tribunal.

El registrador de la propiedad se negó a inscribir una escritura de compraventa de cierto terreno por el fundamento de "no haber consignado el presentante en el registro sellos por valor de 50 centavos para cubrir el llamado impuesto . . . establecido por el artículo 31 de una ley de 9 de marzo de 1905, enmendada por la ley de 14 de marzo de 1907 (Sección 3053, Estatutos Revisados de 1911, pág. 613) y subsiguientemente enmendada por la Ley número 34 de 7 de marzo de 1912 (Leyes de 1912, página 71) . . . ". Contra la nota del registrador, el recurrente ha interpuesto este recurso gubernativo, alegando que el estatuto que disponía tal contribución había sido derogado.

█ █ Al examinar esta cuestión, el recurrente ha hecho una investigación detallada de la historia legislativa del estatuto aquí envuelto, que se encuentra por primera vez en el Código Político, Estatutos Revisados y Códigos de Puerto Rico, 1902, Título IX, Rentas, Capítulo II, titulados Arbitrios. Este Capítulo contiene el artículo 356 que disponía ciertas contribuciones sobre la propiedad, sobre licencias y ciertos arbitrios. El mismo artículo, en la Tarifa C a la página

481, también disponía una contribución sobre documentos autorizados por un notario público y "por cada inscripción, cincuenta centavos".

El 9 de marzo de 1905 se aprobó una ley para enmendar el Capítulo II del Título IX del Código Político (Leyes de Puerto Rico, 1905, pág. 255). Ésta proveía, lo mismo que el título IX, ciertos arbitrios y contribuciones sobre la propiedad y sobre licencias. Expresamente disponía en la sección 36 que varios artículos del Código Político, incluyendo el artículo 356, "quedan por la presente derogados". Para sustituir la disposición del artículo 356 aquí envuelta, la ley de 1905 sustancialmente reenactó el artículo 356 como la sección 31.

La referida sección 31 fué enmendada por la sección 23 de la ley del 14 de marzo de 1907 (Leyes de Puerto Rico, 1907, págs. 330, 358) de tal forma que no es pertinente en este caso.[1] En su consecuencia, cuando se promulgó en 1911 la Compilación de los Estatutos Revisados y Códigos de Puerto Rico, el Código Político contenía en su Capítulo II, titulado Arbitrios, una sección 31 (pág. 613), la que, a nuestros fines, es sustancialmente idéntica a la sección 31 de la ley del 1905. Entonces se enmendó la sección 31 por la Ley núm. 34, Leyes de Puerto Rico, de 1912, para que leyera como sigue:

"Se impondrá, cobrará y pagará:

"(1) Sobre cada instrumento o documento original autorizado por notario público o inscrito por un registrador un dólar. . .

"(2) Sobre cada copia de dichos instrumentos o documentos originales cincuenta centavos.

"(3) Por cada registro o inscripción de dichos instrumentos o documentos o de sus copias cincuenta centavos.

---

[1] Algunas otras enmiendas al Capítulo II, Título IX, del Código Político, tal y como constan de la Ley del 12 de marzo de 1908 (Leyes de Puerto Rico, 1908, pág. 189); Ley núm. 55, Leyes de Puerto Rico, 1911, pág. 180; Ley núm. 66, Leyes de Puerto Rico, 1912, pág. 114; Ley núm. 112, Leyes de Puerto Rico, 1913, pág. 163, de igual manera no afectan el problema ante nos.

"(4) Por cada *affidavit* o declaración de autenticidad otorgado ante notario público, juez de paz, u otro funcionario . . . veinte y cinco centavos. . .".

Hemos copiado estos cuatro incisos tal y como se encuentran en la ley de 1912, debido a las referencias expresas que de los mismos hace el recurrente en sus argumentos, los cuales se examinarán más adelante. Sin embargo, debe notarse que a nuestros fines la ley de 1905 ha permanecido esencialmente intacta.

La principal contención del recurrente es al efecto de que ciertos estatutos establecieron claramente que la Legislatura nunca contempló que la sección 31 de la ley de 1905, según fué enmendada, habría de continuar en vigor después de la aprobación de dichos estatutos. Uno de éstos, según el recurrente, fué la Ley núm. 55, Leyes de Puerto Rico, 1919, pág. 227, que fué la primera ley que llevó el título formal de "Ley de Arbitrios de Puerto Rico". Ésta era un estatuto comprensivo que proveía un número de arbitrios. Y la sección 92 de la misma disponía que "Quedan derogadas todas las leyes que imponen contribuciones en concepto de arbitrios y licencias sobre los artículos, materias y negocios u ocupaciones *determinados en esta Ley* y quedan asimismo derogadas todas las leyes o parte de ley en conflicto con la presente." (Bastardillas nuestras). La Ley núm. 68, Leyes de Puerto Rico, 1923, también conocida como "Ley de Arbitrios de Puerto Rico", sustituyó fuera de discusión a la Ley núm. 55. Pero en ella encontramos una sección 92 que es idéntica a la sección 92 de la Ley núm. 55.

El recurrente, al aducir esta principal contención, descansa asimismo en la Ley núm. 85, Leyes de Puerto Rico, 1925, conocida como la "Ley de Rentas Internas de Puerto Rico". Esta ley amplía considerablemente las disposiciones de la Ley núm. 68. Incluye Derechos sobre Ventas, así como Arbitrios y Contribuciones sobre Licencias. Y la sección 107 de la misma dispone que "A partir de la fecha en que empiece

a regir esta Ley, quedarán derogadas las siguientes leyes: Ley No. 68, aprobada en junio 28 de 1923 . . .''.

El recurrente afirma que los registradores han continuado insistiendo en que el sello de rentas internas de 50 centavos aquí envuelto debe adherirse a los documentos presentados para inscripción, sobre la base de que la sección 31 de la ley de 1905, según fué enmendada, todavía está en vigor; pero alega que la sección 31 ha sido ''derogada no sólo implícitamente, sino expresamente por la ley posterior de 1919 que sustituyó la de 1905''.

No podemos convenir con la contención del recurrente de que la sección 31 de la ley de 1905 ha sido expresamente derogada por la Ley núm. 55 de 1919. En verdad, no lo dice así expresamente, como por ejemplo lo dijo la ley de 1905 al derogar el artículo 356 del Código Político. Y su sección derogatoria—sección 92— es significativamente restrictiva. Dispone que quedan derogadas ''todas las leyes que imponen contribuciones en concepto de arbitrios y licencias sobre los artículos, materias y negocios u ocupaciones *determinados en esta Ley* . . .''. Pero la Ley núm. 55 no incluye disposición alguna para un arbitrio por inscripción de documento; por tanto dicha ley no deroga la anterior—sección 31 de la ley de 1905—que es la que dispone tal contribución.

El recurrente también arguye que la sección 31 fué derogada por la disposición de la sección 92 de la Ley núm. 55 de que ''quedan . . . derogadas todas las leyes . . . en conflicto con la presente''. Pero la dificultad con dicha contención estriba en que la Ley núm. 55 guarda absoluto silencio sobre la cuestión de contribuciones en cuanto a la inscripción de documentos. ¿Cómo puede entonces alegarse con éxito que la sección 31, que dispone se adhiera un sello de rentas internas de 50 centavos para tener derecho a la inscripción de un documento, está en patente conflicto con la Ley núm. 55? Si la Ley núm. 55 (1) proveyera tal arbitrio en una suma diferente a la establecida por la sección 31, o (2) contuviera una derogación específica de la sección 31, o (3) quizá

aun si la sección derogatoria dispusiera que la misma derogaba todas las anteriores leyes sobre arbitrios, tendría fundamento la contención del recurrente. Pero la Ley núm. 55 no contiene ninguna de estas disposiciones. Y, podría añadirse, no deja de ser signicativo el hecho de que en otras ocasiones, cuando la Legislatura optó por enmendar la sección 31, lo hizo así refiriéndose expresamente a dicha sección.(2).

Finalmente, la sección 73 de la Ley núm. 55 provee una penalidad para "Toda persona que violare o dejare de observar cualquiera de las disposiciones de esta Ley *o cualquiera otra ley referente a rentas internas . . .*". (Bastardillas nuestras). Escasamente tal disposición indica la intención de derogar todos los estatutos sobre rentas internas existentes anteriormente, incluyendo la sección 31 de la ley de 1905.

Por tanto, procedemos ahora a considerar las leyes que han suplantado la Ley núm. 55. La Ley núm. 68 del 1923, en nada ayuda al recurrente, ya que incluye secciones idénticas a las secciones 92 y 73 de la Ley núm. 55 (Véanse las secciones 92 y 74 de la Ley núm. 68).

La ley que sustituye a la Ley núm. 68, Ley núm. 85 de 1925, presenta un problema algo diferente, ya que específicamente dispone que deroga la Ley núm. 68 de 1923 (sección 107). No obstante, no podemos ver de qué manera dicha derogación pueda retroceder y derogar la sección 31 de la ley de 1905. De hecho, aun sin la disposición específica de la sección 107, la ley de 1925 probablemente se tendría como derogatoria de la ley de 1923, toda vez que la primera cubre la misma materia que la última, extendiendo y ampliando sus disposiciones. De cualquier modo, si la Ley núm. 68 de 1923 no llegó a derogar la sección 31 de la Ley de 1905, no podemos seguir el razonamiento de que, eso no obstante, la derogación de la Ley núm. 68 por la ley de 1925, de algún modo opera en la derogación de la sección 31. A menos que alguna otra

---

(2) Véase la Ley del 9 de marzo de 1905 (Leyes de Puerto Rico, 1905, pág. 255), y las leyes citadas en el escolio (1) de esta opinión.

disposición de la Ley núm. 85 de 1925 derogue la sección 31, no podemos convenir en que tal derogación ha ocurrido. Y, lo mismo que en las leyes de 1919 y 1923, no encontramos en la Ley núm. 85 dicha otra disposición. Al contrario, aquí también la sección 102 dispone una penalidad por dejar "de observar cualquiera de las disposiciones de ésta o *cualquiera otra ley, o sus reglamentos referentes a las rentas de Puerto Rico* . . ." (Bastardillas nuestras).

Pasando la contención del recurrente de que la ley de 1905, tal como ha sido enmendada, disponiendo la contribución aquí envuelta, ha sido derogada por implicación, encontramos que el recurrente descansa tanto en algunas otras leyes como en las ya discutidas. Una de las otras leyes citadas por el recurrente a este respecto es la Ley núm. 31, Leyes de Puerto Rico, 1917 (II), pág. 307, que fijaba cantidades graduales, que dependen de la consideración envuelta en sellos de rentas internas, que serían adheridos (sección 1) "En cada documento o instrumento original, autorizado por notario público, que haya de ser protocolizado . . .". El recurrente afirma que la Ley núm. 31 de 1917 estableció un nuevo arancel contributivo que aumentó y sustituyó a aquéllos provistos en los incisos (1) y (2) de la mencionada sección 31, tal y como consta en la cita que de la Ley núm. 34 de 1912 ya se ha hecho. Asimismo afirma que tanto administrativamente como en la profesión la Ley núm. 31 está considerada como derogatoria y sustituta de los incisos (1) y (2) de la sección 31. Estos incisos no están envueltos en este caso—aquí consideramos solamente el inciso 3 de la sección 31 tal como consta en la ley de 1912—y asumimos *arguendo* que esta manifestación es correcta.

Otra ley citada por el recurrente a este mismo fin es la ley de 10 de marzo de 1904 (Leyes de Puerto Rico, 1904, pág. 144). Antes de aprobarse dicha ley, los registradores no devengaban sueldo alguno; se les compensaban sus servicios mediante los honorarios fijados en la Ley Hipotecaria. Pero, como dice el recurrente, al fijar la ley de 1904 sueldos

a los registradores, también fijó derechos (*fees*) que ingresarían en el Tesoro de Puerto Rico, por los servicios de los registradores. Esta ley ha sido subsiguientemente enmendada, por la Ley núm. 32, Leyes de Puerto Rico, 1917 (II) y otras leyes, siendo la última la Ley núm. 102, Leyes de Puerto Rico, 1943.

El recurrente sintetiza este aspecto de su argumento en cuanto a derogación por implicación, como sigue: "La sección 31 de la ley de 1905, quedó prácticamente mutilada, porque sus números (1) y (2) se sustituyeron por la Ley de Arancel Notarial;[3] el número (3) quedó absorbido y sustituído por la Ley de Arancel de los Registros de la propia fecha;[4] y el número (4) sobre el derecho de 25 centavos por affidavits quedó sustituído por el núm. 26 del artículo 18 de la Ley de Arbitrios de 1919 (Leyes de 1919, pág. 245)."

Pero no importa cuál sea la situación con respecto a los incisos (1), (2) y (4) de la sección 31—parecen correctos los argumentos del recurrente en cuanto a dichos incisos, y los aceptamos aquí a los fines de la discusión de este caso—el inciso (3) es la única disposición de ley que de hecho está en controversia ahora. Y en cuanto a ella, el argumento del recurrente solamente es que "quedó absorbido y sustituído por la Ley de Arancel de los Registros", según consta en la Ley núm. 32 de 1917.

El propio recurrente admite un serio defecto al descansar en tal argumento como base para la derogación por implicación. Admite que "Es cierto que la justificación o fundamento de los derechos impuestos por las Layes de Arbitrios y de Arancel de los Registros, son teóricamente distintos. Los primeros son propiamente una contribución (*tax*); los segundo, un derecho (*fee*)". La única contestación que ofrece a este argumento es que " . . . esta distinción resulta en la práctica académica, y desde el punto de vista del fisco nominal, porque como cuestión de hecho, todos estos derechos,

---

[3] Ley núm. 31, Leyes de Puerto Rico, 1917 (II) (pág. 307).

[4] Ley núm. 32, Leyes de Puerto Rico, 1917 (II) (pág. 309).

llámense contribución (*tax*) o llámense derecho (*fee*), ingresan en los fondos públicos sin separación de clase alguna''. Pero no es posible deshacérnos de tal diferencia tan fácilmente, cuando se argumenta que una ley imponiendo un ''derecho'' (*fee*) ha ''sustituído'' y en su consecuencia derogado por implicación una ley que impone una ''contribución'' (*tax*). Hemos indicado claramente la importante diferencia que existe entre contribuciones en sellos notariales y sellos de inscripción y los derechos (*fees*) fijados por la ley por los servicios profesionales rendidos por los registradores (*The R.F.C. Mortgage Co.* v. *Registrador*, 60 D.P.R. 235). No estamos preparados para decir que un estatuto que dispone tales derechos, graduándolos de conformidad con los servicios prestados, ha derogado por implicación un estatuto anterior que sencillamente disponía una contribución fija de un sello de 50 centavos. Estos últimos sellos ''obviamente envuelven una contribución con el fin de obtener rentas insulares para fines generales, a cambio de las cuales no se rinden directamente servicios públicos al acreedor hipotecario''. (*The R.F.C. Mortgage Co.* v. *Registrador*, supra, a la pág. 241). La sección 31 de la ley de 1905, tal como fué enmendada, que provee dicha contribución nunca ha sido derogada expresamente, y no sabemos de estatuto alguno que la haya derogado por implicación.

■ Creemos propio añadir que si el significado del estatuto ''fuera dudoso o ambiguo, que no lo es, estaríamos llamados a considerar si bajo todas las circunstancias de este caso, debiéramos dar peso sustancial o quizá decisivo'' (*Bowie* v. *Buscaglia*, 63 D.P.R. 546, ante, escolio 5, resuelto el 2 de mayo de 1944) a la interpretación administrativa durante los últimos 25 años al efecto de que el estatuto aquí envuelto no fué derogado en 1919. La doctrina establecida en *Helvering* v. *Griffiths*, 318 U.S. 371, a las págs. 395-6, citado en el caso de *Bowie,* no existe exclusivamente para beneficio de los contribuyentes. Opera en ambas direcciones, y algunas veces

a favor de la imposición de contribuciones. Quizá ese podría ser el caso aquí, a no ser por el hecho de que aun sin recurrir a la interpretación administrativa, claro es que la ley en cuestión todavía está en vigor.

*La decisión del registrador será confirmada.*