AUTORIDAD SOBRE HOGARES DE PUERTO RICO, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE CAGUAS, recurrido.

Núm. 1161.—*Sometido:* Febrero 21, 1945. *Resuelto:* Abril 30, 1945.

*R. B. Pérez Mercado,* abogado de la recurrente; el registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

En una acción sobre expropiación forzosa seguida por la Autoridad sobre Hogares de Puerto Rico contra la Compañía Agrícola de Caguas, la corte de distrito de dicha demarcación ordenó al Registrador de la Propiedad que procediera a inscribir a favor de la Autoridad título de dominio sobre la finca rústica expropiada. Presentado el documento, el registrador se negó a inscribirlo por no haberse acompañado $21 en sellos de rentas internas, importe de los derechos arancelarios de inscripción, y lo devolvió sin hacer operación alguna. Para revisar esa actuación estableció la Autoridad el presente recurso, alegando que no está obligada a pagar derechos arancelarios, por ser ella una agencia del Gobierno de Puerto Rico y porque de acuerdo con la disposición expresa de la Ley número 126 de 6 de marzo de 1938 (pág. 262) creando las Autoridades sobre Hogares, está exenta del pago de contribuciones.

En este caso, sin embargo, no se trata de una contribución. Los derechos arancelarios (*fees*) que se pagan como compensación de los servicios que presta el registrador no tienen el carácter de una contribución. En *León y Rivas* v. *Registrador,* 47 D.P.R. 890, 892, dijimos:

"Entendemos que un estado o territorio no está obligado a establecer y ofrecer los servicios de una organización como el registro

de la propiedad sin recibir retribución alguna. *Federal Land Bank* v. *Crosland*, 261 U. S. 374. El estado o territorio puede cobrar por sus servicios un derecho (*fee*) compensatorio. Este derecho, si es razonable, no puede considerarse como una contribución que releve de pago al Federal Land Bank, *porque tanto las agencias federales como las locales* deben contribuir a compensar el servicio que se les presta. . . ." (Bastardillas nuestras.)

A igual conclusión llegamos en los casos de *Baetjer* v. *Registrador*, 57 D.P.R. 175, 182; *The R. F. C. Mortgage Co.* v. *Registrador*, 60 D.P.R. 235; *Irizarry* v. *Registrador*, 61 D.P.R. 74, 79. Véase además *Meléndez* v. *Registrador*, 63 D.P.R. 1023, 1031.

De acuerdo con lo resuelto en estos casos, la exención del pago de derechos arancelarios solamente puede hacerse por la Legislatura, cuando así lo dispone expresamente, finalidad que no se obtiene por el mero hecho de que se exima a una agencia o instrumentalidad del Gobierno del pago de contribuciones.

*Debe confirmarse la nota recurrida.*