Estados Unidos de América, recurrente, *v.* El Registrador de la Propiedad de Guayama, recurrido.

Núm. 1162.—*Sometido:* Abril 3, 1945. *Resuelto:* Mayo 9, 1945.

---

*Philip F. Herrick, Fiscal Federal*, y *A. Castro Fernández, Fiscal Auxiliar*, abogados del recurrente; el registrador recurrido compareció por escrito; *R. B. Pérez Mercado, como amicus curiae.*

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tribunal.

Los Estados Unidos vendieron una finca a un individuo particular. El párrafo 4 de la escritura de compraventa, dice como sigue:

"CUARTO: Contrato como parte del Proyecto de Rehabilitación Rural de el Gobierno.—Los otorgantes por la presente convienen en que esta transacción es una entre una serie de transacciones similares, a virtud de las cuales, el GOBIERNO se propone transferir tierras radicadas en los municipios de Arroyo, Patillas y Maunabo, Puerto Rico, bajo aquellos términos, convenios y restricciones que, de acuerdo con la Ley Número ciento sesenta y tres, aprobada por la Legislatura de Puerto Rico en ocho de mayo de mil novecientos cuarenta, pueden ser impuestos por el GOBIERNO, por considerarse convenientes y necesarios para el mejor uso y disfrute de las tierras así transferidas, y para la promoción del proyecto de Rehabilitación Rural y ayuda iniciado y llevado a cabo por el GOBIERNO."

La sección 1, de la Ley número 163 de 1940 (pág. 957), dice como sigue:

"Sección 1.—(*a*) Siempre que en relación con cualquier proyecto autorizado de la *Puerto Rico Reconstruction Administration*, cualquier propiedad inmueble o interés en la misma, sea transferido por los Estados Unidos de América, ya mediante venta absoluta o mediante arrendamiento y compromiso de venta, los cesionarios, adquirentes y sus causahabientes, quedarán obligados por cualquier estipulación contenida en el documento de transferencia o arrendamiento y compromiso

de venta, imponiendo condiciones y restricciones a las sucesivas ena-
jenaciones, transferencias o gravámenes de dichos bienes, o definiendo
los requisitos de las personas con derecho a adquirir dichos bienes,
cualquiera que sea el título de adquisición.

"(b) Las propiedades referidas en el subpárrafo (a) precedente,
quedarán permanentemente gravadas con aquellas restricciones im-
puestas por los Estados Unidos de América en los documentos de
transferencia o arrendamiento y compromiso de venta, que fueren
consideradas por los Estados Unidos de América como propias y ne-
cesarias para el mejor uso y disfrute de los bienes transferidos y la
promoción de los proyectos dentro de los cuales dichos bienes estén
incluídos o en relación con los cuales dichos bienes sean transferidos.
Tales restricciones podrán incluir, sin que por ello se entiendan limi-
tadas en su generalidad, el propósito y manera de usar las propiedades
transferidas; el tamaño y situación de los edificios o mejoras que
puedan ser construídos en las mismas; el tipo de construcción y ma-
teriales que puedan utilizarse; y restricciones sobre la ocupación de
casas residenciales por personas cuyos ingresos clasificados se estimen
por los Estados Unidos de América como consistentes y propios para
la promoción del proyecto."

A la luz del párrafo 4 y de la Ley núm. 163, la referida
escritura contenía los siguientes párrafos:

"NOVENO: Limitación a la libre disposición de los bienes.—El
Comprador no transferirá, enajenará, hipotecará, arrendará o en cual-
quier otra forma dispondrá de, o gravará los bienes, o cualquier interés
en los mismos, sin el previo consentimiento escrito de el Gobierno."

"VIGÉSIMO PRIMERO: Condiciones resolutorias.—El incumpli-
miento de sus obligaciones o la violación de cualquiera de las estipu-
laciones de este contrato por el Comprador, dará derecho a el Gobierno
a la resolución de esta venta, mediante el pago del verdadero y razo-
nable valor de los bienes al tiempo de tal incumplimiento o violación y
del razonable valor de las plantaciones existentes en los bienes al tiem-
po de su entrega a el Gobierno, o a la persona que, con la aprobación
de el Gobierno, adquiera los bienes, según se provee más adelante,
menos el valor de cualesquiera gravámenes hipotecarios o refacciona-
rios, o de cualquier otra naturaleza, vigentes sobre los bienes o sobre
las plantaciones, y el de sus intereses vencidos al tiempo de la resolu-
ción; conviniéndose, sin embargo, que en ningún caso el Gobierno
vendrá obligado a pagar por los bienes un precio mayor que el precio
de venta convenido en esta escritura. Al ocurrir cualquiera de las

condiciones resolutorias antes pactadas, el Gobierno podrá incautarse de los bienes y sus plantaciones y proceder a la valoración de los mismos, con asistencia de el Comprador, si éste deseare intervenir, a los efectos del pago de su precio, según queda convenido. En el caso de que a el Gobierno le sea imposible hacer el pago con motivo de no haberse apropiado, o en otra forma asignado o puesto a su disposición los fondos para tal propósito, o en el caso de que el Gobierno, por cualquier otra razón, no desee hacer tal pago, el mismo podrá ser hecho, previa aprobación escrita de el Gobierno, por cualquiera persona que desee adquirir los bienes y sus plantaciones. Efectuado el pago de los bienes y sus plantaciones en la forma estipulada, el Comprador otorgará con el Gobierno una escritura de resolución de esta venta, o una escritura de venta a favor de la persona que adquiera los bienes, según sea el caso.''

Al presentarse la escritura para su inscripción, el Registrador le hizo la siguiente anotación:

"INSCRITO el presente documento al folio 18 del tomo 48 de Patillas, finca número 3329, inscripción 1a., DENEGÁNDOSE el pacto consignado en el apartado Noveno por ser contrario a las leyes y en especial a la letra y al espíritu de los artículos 276 y 280 del Código Civil de Puerto Rico, Edición de 1930, ya que priva al comprador de la libre disposición de lo que adquiere como dueño, derecho que es base y fundamento del derecho de propiedad cuya inscripción se pide; y el pacto consignado en el apartado Vigésimoprimero en cuanto autoriza al Gobierno a incautarse de los bienes a los fines y efectos que se detallan en dicho apartado por ser contrario al artículo 1780 del Código Civil de Puerto Rico, Edición de 1930 que declara nulo el pacto autorizando al hipotecario para adjudicarse la finca del hipotecante por virtud del incumplimiento del contrato garantizado con la hipoteca.''

El caso se encuentra ante nos al recurrir los Estados Unidos contra la nota del Registrador. El Registrador ha radicado un largo y elaborado alegato además de un alegato de réplica en los que examina las leyes española e insular en cuanto a la libertad para enajenar bienes raíces. No vemos la relevancia de la ley general sobre este punto. Aquí tenemos una ley especial expresamente confiriendo poder a los Estados Unidos, en relación con cualquier proyecto

de la P.R.R.A., a imponer condiciones y restricciones sobre "enajenaciones sucesivas" hechas por compradores de los Estados Unidos.([1]) Esta limitación sobre la enajenación fué creada deliberadamente por la Legislatura para hacer posible que los Estados Unidos controlaran tales traspasos posteriores. Las disposiciones generales de nuestro Código, por tanto, no son de aplicación en este caso.

El párrafo 9 no es una prohibición absoluta contra la enajenación. Sólo dispone que el comprador debe obtener el consentimiento de los Estados Unidos para traspasar la propiedad. Si bien tal restricción o condición contra la enajenación hubiera infringido con anterioridad a 1940, los artículos 276 y 280 del Código Civil, las amplias disposiciones de la Ley número 163 sancionan tal cláusula en los proyectos de la P.R.R.A.

Los Estados Unidos emprendieron en el 1935 un vasto programa para devolver a miles de ciudadanos de nuestra población rural, huérfanos de terrenos, sus pequeños predios. Pero la experiencia en Puerto Rico ha señalado una tendencia entre nuestros pequeños terratenientes de vender e hipotecar sus fincas a grandes entidades. Para evitar esta situación, se recabó la ayuda de la Legislatura insular, aprobándose la Ley núm. 163. No tenemos derecho a examinar la cuestión de si la Legislatura actuó sabiamente al permitirle a la P.R.R.A. que impusiera tales restricciones sobre las enajenaciones. Dicha decisión pertenecía exclusivamente a la Legislatura, que aprobó la Ley núm. 163. Ni el Registrador, ni esta Corte tienen derecho alguno a hacer caso omiso de sus claras disposiciones. El párrafo 9 de la escritura claramente cae dentro de la disposición de la Ley número

---

([1])En manera alguna es claro que los Estados Unidos estén obligados por las Leyes de Puerto Rico en cuanto al título de terrenos adquiridos aquí. "Pero esta Corte no puede rehacer el sistema de registros de Puerto Rico. Cualquier persona que desee valerse de éstos, incluyendo las instrumentalidades federales, debe cumplir con sus requisitos." *The R. F. C. Mortgage Co.* v. *Registrador,* 60 D.P.R. 235, 240.

163 al efecto de que los adquirentes de la P.R.R.A. "quedarán obligados por cualquier estipulación contenida en el documento de transferencia . . . imponiendo condiciones y restricciones a las sucesivas enajenaciones, transferencias o gravámenes de dichos bienes . . . ". Afirmar como lo hace el Registrador que la Ley número 163 no contiene una autorización específica para restringir la enajenación equivaldría a menospreciar el lenguaje amplio y el propósito de la Ley núm. 163.

Lo que hemos dicho también se aplica al inciso 21 de la escritura. No tenemos que inquirir aquí si tal cláusula se ajusta a nuestra ley general. Esto puede ser o no cierto. Aquí la Legislatura ha indicado, en un lenguaje lo más amplio posible, que los Estados Unidos pueden incluir tales condiciones en sus escrituras en relación con los proyectos de la P.R.R.A. Esto es suficiente para decidir el presente caso.(²)

*La nota del registrador será revocada y se le ordenará que inscriba la escritura libre de defectos.*

---

(²)Notamos de paso que en los últimos diez años todos los Registradores de la Isla han inscrito sin objeción innumerables escrituras conteniendo estas cláusulas convencionales a tenor con las disposiciones de la Ley núm. 163.