ESTADOS UNIDOS DE AMÉRICA, FARMERS' HOME ADMINISTRATION, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE MAYAGÜEZ, recurrido.

*Número:* O-84-774    *Resuelto:* 2 de abril de 1985

270

*E. Alcaraz Casablanca,* abogado de la parte recurrente; el Registrador recurrido compareció por escrito.

PER CURIAM: Estados Unidos, por conducto de la Administración de Hogares para Agricultores, vendió determinada propiedad inmueble a don Justiniano Vélez y a su señora esposa. La correspondiente escritura de compraventa fue presentada al Registro. Se denegó su inscripción por el fundamento de no haberse depositado los comprobantes acreditativos del pago de los gastos de sellos notariales e inscripción requeridos por ley. Los compradores recurren de esta determinación y alegan que procede la inscripción libre del pago de derechos.

Para la resolución de este recurso gubernativo basta con señalar que en la cláusula sexta de la escritura de compraventa se acordó:

> Los gastos de esta escritura, su copia certificada y los de su inscripción en el Registro de la Propiedad correspondiente, serán por cuenta de los compradores, quienes también vienen obligados a pagar los sellos del original y los de su copia certificada.

Esta disposición obliga a los compradores a satisfacer los gastos en disputa, lo que de por sí exige la confirmación de la nota recurrida, mas la importancia de aclarar los conflictos que en ocasiones surgen en situaciones como la de autos nos mueven a examinar la contención de la parte recurrente.

Los recurrentes argumentan en efecto que no solamente Estados Unidos está exento de la obligación que nos concierne, sino que su excepción cobija también a sus compradores, aun cuando exista, como aquí, pacto en contrario. Se apoyan en las disposiciones de la Ley Núm. 81 de 22 de junio de 1954 (32 L.P.R.A. sec. 1492 y ss.). Los dos primeros artículos de esta ley proveen:

*Art. 1.*

Todo documento público o privado otorgado para los efectos de contratar y garantizar préstamos hipotecarios, de refacción agrícola o de cualquier otra naturaleza, por el Gobierno de los Estados Unidos de América o por cualquiera de sus agencias o instrumentalidades, así como todo otro documento público o privado otorgado para comprobar la entrega del importe del préstamo; o el pago de dicho préstamo en todo o en parte; así como la cancelación total o parcial de las garantías correspondientes; y todo otro documento público o privado que sea necesario otorgarse en relación con dichos préstamos y garantías correspondientes serán autenticados por cualquier notario de Puerto Rico o funcionario público en su caso, libre de los derechos prescritos por las leyes.

*Art. 2.*

Las escrituras y otros documentos a que se refiere la sec. 1492 de este título serán inscritos en los registros de la propiedad de Puerto Rico libres de derechos, contribuciones, o impuestos de cualquier naturaleza prescritos por las leyes para las operaciones de esos registros. Los procedimientos judiciales que fuere necesario o indispensable tramitar por el Gobierno de los Estados Unidos o por sus agencias o instrumentalidades en relación con los procedimientos señalados en la sec. 1492 de este título, estarán exentos del pago de todos los derechos arancelarios que las leyes exijan.

Se advertirá que el Art. 1 expresa que los documentos exentos serán los otorgados "para los efectos de contratar y garantizar préstamos hipotecarios, de refacción agrícola o de cualquier otra naturaleza, por el Gobierno de los Estados Unidos

de América". No trata este caso de transacción alguna relacionada en la Ley Núm. 81.

La parte recurrente alega, no obstante, que el Art. 1 de la Ley Núm. 81 habla también de "todo otro documento público o privado que sea necesario otorgarse en relación con dichos préstamos y garantías". A tal fin señala que en este caso el precio de la compraventa fue representado por un pagaré garantizado con hipoteca, la que se constituyó el mismo día por escritura aparte, y que la escritura de compraventa era un documento necesario para la otorgación del préstamo hipotecario.

■ El argumento carece de fundamento adecuado. El historial legislativo del P. de la C. 1159, fuente de la Ley Núm. 81, si bien indica que la legislación beneficia a las personas que se acojan a los planes de refacción agrícola e hipotecaria, está huérfano de expresión alguna indicativa de la latitud que desea impartirle la parte recurrente a su articulado. P. de la C. 1159, 4 Diario de Sesiones de la Asamblea Legislativa 1605 (1954). Cuando la Asamblea Legislativa ha querido eximir del pago de derechos de inscripción a agencias estatales, federales o a cualquier persona o entidad particular lo ha hecho en forma expresa. *León y Rivas* v. *Registrador*, 47 D.P.R. 890 (1935); *The R.F.C. Mortgage Co.* v. *Registrador*, 60 D.P.R. 235 (1942); y *Autoridad Sobre Hogares* v. *Registrador*, 64 D.P.R. 896 (1945).

■ La Ley Núm. 81 se aplica claramente a la autenticación e inscripción de la escritura de hipoteca, a su cancelación, y a la comprobación de la entrega del importe del préstamo. La frase "y todo otro documento público o privado que sea necesario otorgarse en relación con dichos préstamos y garantías" se refiere a aquellos documentos que tienen una íntima relación con el préstamo, tales como un acta aclaratoria, una escritura de modificación de hipoteca, o una de subordinación. Una escritura de compraventa es importante

a los únicos efectos de la traslación del dominio. La transacción que contempla es independiente del método de su financiamiento. Una escritura de compraventa hace fe por sí sola; lleva en sí misma, sin necesidad de ningún otro documento, el sello de su autenticidad; no es instrumento accesorio de otro.

Aunque la parte recurrente no apoya su argumento en las disposiciones de la Ley Núm. 43 de 9 de junio de 1956, según enmendada por la Ley Núm. 93 de 2 de junio de 1967 (30 L.P.R.A. sec. 1770a), a señalamiento del señor Registrador debemos considerar por último, si ellas se aplican o no a la situación de autos. La legislación citada provee:

> Se exime a los Estados Unidos de América y a sus agencias e instrumentalidades, incluyendo *The Federal Land Bank of Baltimore, The Federal Intermediate Credit Bank of Baltimore, The Baltimore Bank for Cooperatives, The Federal Land Bank Association of San Juan* y *The Puerto Rico Production Credit Association,* del pago de toda clase de impuestos, contribuciones o derechos prescritos por las leyes del Estado Libre Asociado de Puerto Rico para la autenticación de documentos ante notario o ante cualquier funcionario público y para la inscripción de documentos y demás operaciones en los Registros de la Propiedad.

El historial legislativo de esta disposición no arroja luz sobre su alcance. Tampoco existe jurisprudencia interpretativa de ella. En tal circunstancia es propio constatar el significado adscrito a una disposición análoga, la Ley Núm. 30 de 13 de junio de 1958, según enmendada, 30 L.P.R.A. sec. 1770c, la cual exime al Estado Libre Asociado y a sus agencias del pago de toda clase de derechos prescritos para la inscripción de documentos y demás operaciones en los registros. La ley decreta:

> Se exime al Estado Libre Asociado de Puerto Rico, sus agencias, instrumentalidades, organismos, dependencias y subdivisiones políticas, así como a las autoridades y corporaciones públicas, incluyendo todos los Sistemas de Re-

tiro establecidos por dichas entidades, del pago de toda clase de derechos prescritos para la inscripción de documentos y demás operaciones en el Registro de la Propiedad de Puerto Rico; Disponiéndose, además, que la exención provista en esta sección se hará extensiva a la Asociación, Fondo de Ahorro y Préstamo de los Empleados del Gobierno Esta-[t]al.

El Secretario de Justicia ha opinado respecto a esta ley, posición que sancionamos, que la exención reconocida en ella sólo es aplicable en caso de que sea al Estado a quien le correspondiere pagar los derechos requeridos. Opinión Núm. 1963–32 en Opiniones Srio. Justicia P.R. 175–179 (1963); Opinión Núm. 1969–42 en Opiniones Srio. de Justicia P.R. 173–175 (1969).

Cuando el propósito de dos leyes es idéntico, los tribunales deben impartir la misma interpretación a sus disposiciones correlativas. *Lebrón Pérez* v. *Alcaide, Cárcel de Distrito*, 91 D.P.R. 567 (1964). Resolvemos que la exención concedida por la Ley Núm. 43 de 9 de junio de 1956, según enmendada por la Ley Núm. 93 de 2 de junio de 1967, sólo alcanza operaciones registrales a favor de Estados Unidos y sus agencias. Cuando la Asamblea Legislativa ha querido ensanchar el marco de la exención y eximir del pago de derechos de operaciones registrales a favor de ciudadanos particulares lo ha hecho expresamente. *The R.F.C. Mortgage Co.* v. *Registrador*, supra; *Irizarry* v. *Registrador*, 61 D.P.R. 74 (1942); *Autoridad Sobre Hogares* v. *Registrador*, supra, y *Estados Unidos de América* v. *Registrador*, 65 D.P.R. 487 (1945).

*Se confirmará la nota recurrida.*